IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN POWER CHASSIS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-4134-RDR ) |
| GARY JONES and JONES & SONS CHASSIS, INC., | ) ) ) ) |
| Defendants. | ) |

## REPORT & RECOMMENDATION

This matter comes before the court upon Plaintiff's Motion for Sanctions Pursuant to FRCP 37 Against Defendants and Memorandum in Support (ECF No. 51).[1] This order also addresses defendant Gary Jones' response to the court's order to show cause (ECF No. 64). Plaintiff moves for default judgment under Fed. R. Civ. P. 37(d) because defendant Gary Jones failed to appear at his noticed, court-ordered deposition, or to respond to any of plaintiff's written discovery requests, and because defendant Jones & Sons Chassis, Inc. failed to comply with court orders.[2] Specifically, it failed to notify the court within five (5) days of the automatic stay in its bankruptcy case being lifted,[3] and as a corporate defendant, it has failed to retain counsel as required.[4] For the reasons explained below, the undersigned magistrate judge

---

[1] The plaintiff requests that the court hold a default hearing on this matter. The court does not find that oral argument would aid in the determination of this matter and therefore denies plaintiff's request.

[2] Pl.'s Mot. for Sanctions Pursuant to FRCP 37 Against Defs.' and Mem. in Supp. at 2–3, ECF No. 51.

[3] Order at 2, ECF No. 39.

[4] Order at 2, ECF No. 38. (explaining that corporate defendants may not appear in federal court without licensed counsel, *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001)). The Honorable Richard D. Rogers reiterated the requirement for corporate defendants to be represented by counsel in his August 22, 2014 Order. ECF No. 42.

recommends that plaintiff's motion be granted and that default judgment be entered in its favor in an amount of damages to be determined by the district judge.

## I.      Background

The plaintiff, American Power Chassis, Inc., filed this case on November 19, 2013. It asserts claims for breach of contract, fraud, and negligent misrepresentation against defendants Gary Jones and Jones & Sons Chassis, Inc. The claims revolve around the parties' agreement for defendants to complete and deliver to plaintiff a power chassis prototype.[5]

On June 27, 2014, plaintiff filed a notice that it served, by mail, its first set of interrogatories and request for production of documents on defendant Gary Jones.[6] Mr. Jones had thirty (30) days, plus three (3) additional days under Rule 6(d), until July 30, 2014, to respond.[7] As of the filing of this report, Mr. Jones has not responded to any of plaintiff's discovery requests.[8]

On July 7, 2014, plaintiff filed a notice of its intent to depose Gary Jones on behalf of both defendants.[9] The initial notice required Mr. Jones to be deposed at the office of plaintiff's counsel in Topeka, Kansas on August 8, 2014. In response, defendants filed a motion to quash the deposition and for a protective order, raising an undue burden argument. Mr. Jones sought exemption from deposition because of the financial strain it would cause him to travel from

---

[5] Compl., ECF No. 1.

[6] Notice of Service, ECF No. 27.

[7] Fed. R. Civ. P. 5(b)(2)(C), 6(d), 33, 34.

[8] Pl.'s Mot. for Sanctions Pursuant to FRCP 37 Against Defs.' and Mem. in Supp., ECF No. 51-1, Deposition transcript from 8/8/14.

[9] Notice to take Dep., ECF No. 30.

Washington State to Topeka, Kansas.[10]  On July 28, 2014, the court conducted a hearing on the motion and entered an order requiring either Mr. Jones' deposition to take place in Kansas City at the plaintiff's expense, or within 100 miles of Mr. Jones' residence in Washington State.[11]  Plaintiff filed an amended notice changing the location of the deposition to Kansas City.[12]  Defendants' attorney appeared at the deposition via telephone, but Mr. Jones failed to appear despite plaintiff's offer to pay his reasonable costs.[13]  The plaintiff made a record of Mr. Jones' absence and the fact that it had offered to pay his airfare and hotel expenses.[14]  Mr. Jones' attorney offered no explanation for Mr. Jones' absence.

On August 15, 2014, the court granted both defendants' counsels' motion to withdraw and defendant Jones & Sons Chassis, Inc.'s Motion to Stay discovery, based on its pending bankruptcy case in the U.S. Bankruptcy Court for the Eastern District of Washington, and the automatic stay that prohibits actions proceeding against debtors in bankruptcy.[15]  The court only stayed proceedings with regard to the corporate defendant and specifically stated that plaintiff's claims against individual defendant Gary Jones would go forward.  The court's order also required corporate defendant Jones & Sons Chassis, Inc. to notify the court within five (5) days of any expiration or modification of the bankruptcy stay.  The bankruptcy court issued an order

---

[10] Def. Gary Jones' Mot. to Quash Pl.'s Notice to Take Dep., ECF 31.

[11] Written Order Following Oral Order, ECF No. 33.

[12] Am. Notice to Take Dep., ECF No. 34.

[13] Pl.'s Mot. for Sanctions Pursuant to FRCP 37 Against Defs.' and Mem. in Supp., ECF No. 51-1, Deposition transcript from 8/8/14.

[14] Pl.'s Mot. for Sanctions Pursuant to FRCP 37 Against Defs.' and Mem. in Supp., ECF No. 51-1, Depo. Transcript.

[15] Order, ECF No. 39.

dismissing defendant Jones & Sons Chassis, Inc.'s case with an effective date of October 7, 2014.[16] The corporate defendant has failed to notify the court of the dismissal.

On November 3, 2014, plaintiff filed its motion for sanctions pursuant to Rule 37.[17] Neither Mr. Jones nor the corporate defendant, Jones & Sons Chassis, Inc., filed a response. On March 23, 2015, the court issued a show cause order.[18] The order required each defendant to explain why a response was not filed; why default judgment should not be entered against them; and any response to the order to show cause was to contain any response to the motion for sanctions that defendants wished the court to consider in the event that defendants managed to show good cause for their failure to initially respond. The show cause order also required the corporate defendant to retain counsel as corporate defendants may not appear *pro se* in federal court. The court warned defendants that failure to show cause why default judgment should not be entered would lead to a recommendation of default judgment against them.[19] Defendants' response was due on or before April 2, 2015.

On April 1, 2015, Gary Jones, appearing *pro se*, filed a motion for extension of time to retain counsel and respond to the court's show cause order.[20] The court granted the motion but warned defendants that the motion was only accepted on behalf of the individual defendant, Mr. Jones, and reminded them that if they failed to respond in full to the court's show cause order, the court would recommend default judgment in plaintiff's favor.

---

[16] Pl.'s Mot. for Sanctions Pursuant to FRCP 37 Against Defs.' and Mem. in Supp., ECF No. 51-2 Bankr. E.D. Wa. dismissal.

[17] Mot. for Sanctions, ECF No. 51.

[18] Order to Show Cause, ECF No. 52.

[19] *Id.* at 2–3.

[20] Mot. for Continuance and Answer to Notice and Order to Show Cause, ECF No. 54.

On April 15, 2015, Mr. Jones filed a motion to appoint counsel.[21] The court denied the motion because Mr. Jones never filed for leave to proceed *in forma pauperis*, a prerequisite to the court considering the appointment of counsel.[22] On April 30, 2015, Mr. Jones, appearing *pro se*, and therefore on his behalf only, filed a two-paragraph response to the court's order to show cause. Paragraph one appears to be Mr. Jones' explanation of why he failed to respond to plaintiff's motion for sanctions. It states that he was "unaware that he was required to respond to Plaintiff's Motion for Sanctions" and that if he had been made aware "he would have done so in a timely manner."[23]

Paragraph two appears to be Mr. Jones' substantive response to the motion for sanctions. Mr. Jones explains that he did not appear at his deposition because his attorney had filed a motion to quash his deposition notice and he was represented "by verbal representation" of his attorney.[24] He added that he did not respond to written discovery in this case because it is his position that "the contract dispute is between Defendant Jones & Sons Chassis, Inc. and Kristie Homeier."[25] Earlier, Defendant Jones stated that he did not appear in person at his deposition as he "did not want to burden Plaintiff with additional cost of travel expense from Yakima, Washington to Kansas City, Missouri."[26]

## II.     Plaintiff's Motion for Sanctions

---

[21] Mot. to Appoint Counsel, ECF No. 59.

[22] Order, ECF No. 61.

[23] Answer, ECF No. 64.

[24] *Id.*

[25] *Id.*

[26] Mot. for Continuance and Answer to Notice and Order to Show Cause at 1, ECF No. 54.

It is true that Mr. Jones was not required to respond to plaintiff's motion for sanctions. However, if Mr. Jones wished to oppose the motion, which seeks default judgment, he had three weeks to file his response according to D. Kan. R. 6.1(d)(2). Mr. Jones does not suggest that he failed to receive a copy of plaintiff's motion because plaintiff's certification states that a copy was sent to the very address from which Mr. Jones sent his response to the order to show cause: 4810 Hillcrest, Yakima, Washington 98901. Instead, it seems Mr. Jones received a copy of the motion and chose not to respond. The court therefore considers plaintiff's motion for sanctions unopposed.

Although plaintiff's motion for sanctions is unopposed, the court still addresses the factors considered by this District when determining the propriety of default judgment. Federal Rule of Civil Procedure 37(d) permits the court to issue any sanction listed under 37(b)(2)(A)(i)–(vi), including entry of default judgment.[27] However, default judgment is a harsh sanction, and should only be entered where the record evidences a willful failure to comply with discovery.[28] This requires the offending party to have intentionally failed to comply with the discovery process; involuntary noncompliance is not enough.[29]

Default judgment must also be a just sanction under the circumstances of the case. For this inquiry, the court considers the same factors as those used when dismissal is requested as a sanction.[30] The factors include: the prejudice to the non-offending party; the interference with the judicial process by the offending party; the culpability of the offending party; whether the

---

[27] Fed. R. Civ. P. 37(d).

[28] *EBI Secs. Corp.*, *v. Net Command Tech, Inc.*, No. 01-1524, 2003 WL 22995502, at *3 (10th Cir. Dec. 22, 2003).

[29] *Id.*

[30] *Id.*

6

party has previously been warned or put on notice that default judgment is a likely sanction for discovery violations; and the efficacy of lesser sanctions.[31] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction."[32]

The first factor considers the actual prejudice to plaintiff caused by the defendants' conduct. Plaintiff argues that default judgment is appropriate in this case because it is "unable to present its case for a merits resolution without any discovery."[33] Mr. Jones has caused delay by failing to respond to any discovery and increased costs by failing to appear at his deposition. In his response to the show cause order, Mr. Jones asserts that he did not attend because he filed a motion to quash and he appeared through his attorney. While Mr. Jones filed a motion to quash his deposition notice[34] the court considered that motion at a status conference on July 28, 2014 and ordered that Mr. Jones' deposition be taken either as noticed with plaintiff paying Mr. Jones travel costs or at a time and place designated by the plaintiff within 100 miles from Mr. Jones' residence. Despite these allowances, Mr. Jones refused to appear. It was not sufficient for his counsel to appear by telephone, as the entire purpose of the deposition was to record Mr. Jones' testimony under oath regarding the facts of this case on behalf of himself personally and on behalf of the corporate defendant.

Mr. Jones also asserts that he did not respond to plaintiff's written discovery requests because he is not part of the dispute. He is a party to this lawsuit and although he is appearing

---

[31] *Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[32] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citing *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988).

[33] Pl.'s Mot. for Sanctions Pursuant to FRCP 37 Against Defs.' and Mem. in Supp. at 4, ECF No. 51.

[34] Mot. to Quash, ECF No 31.

*pro se*, he is still required to comply with the local District of Kansas Rules and the Federal Rules of Civil Procedure.[35]  Instead of complying with the procedures outlined in the Federal and Local Rules, Mr. Jones chose simply to ignore all written discovery in this case.  If he believes he should not be a party to the suit, a motion to dismiss, motion for protective order, or motion for summary judgment would have been appropriate avenues for relief.

Jones & Sons Chassis, Inc. has also caused delay by failing to inform the court of the bankruptcy stay being lifted.  The court agrees that plaintiff has been prejudiced by defendants' failure to participate in discovery and notes that defendants were afforded multiple opportunities to rectify their non-participation and have not done so.  This factor weighs in favor of recommending that default judgment be rendered against both defendants.

These violations are also relevant to the second factor, which considers the amount the offending party has interfered with the judicial process. Mr. Jones' failure to participate in discovery and the corporate defendant's failure to follow the court's order to notify it upon release of the bankruptcy stay have hindered the judicial process.  The corporate defendant has repeatedly failed to comply with the court's warnings to retain counsel and is unable to participate in this case until it does, again hindering the progress of this case.  This factor weighs in favor of recommending that default judgment be entered against defendants.

The third factor considers the defendants' culpability.  Mr. Jones' response to the court's order to show cause offers no compelling explanation for his failure to participate in this case as discussed above.  The corporate defendant has offered no explanation for its lack of participation whatsoever.  Based on the facts, the defendants have demonstrated an intentional failure to participate in the discovery process.  The location of Mr. Jones' deposition was moved for his

---

[35] *Keehner v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005).

convenience, with the plaintiff agreeing to bear the cost of all reasonable expenses. Despite this, Mr. Jones failed to appear at his court-ordered deposition. Further, he has failed to respond to any of plaintiff's discovery requests. The corporate defendant has not explained its failure to notify the court of the bankruptcy stay being lifted, or its failure to retain counsel, despite the court's many admonitions. This factor weighs in favor of recommending that default judgment be rendered against both defendants.

The fourth factor considers whether the defendants had notice that default judgment is a likely sanction for failing to participate in discovery and failure to comply with the court's orders. Defendants were warned that the undersigned would recommend default judgment to the district judge if they failed to show cause why default judgment should not be entered against them.[36] The corporate defendant did not respond to the court's order to show cause. As discussed above, Mr. Jones' response did not provide any recognized objection or explanation for his complete failure to participate in this case. This factor weighs in favor of recommending that default judgment be entered against both defendants.

The final factor considers whether other sanctions will be effective to deter further discovery violations by defendants and to generally deter such conduct by parties in this District. The court does not find that other sanctions are sufficient in this case. The corporate defendant does not appear to have either the ability or the inclination to participate in this suit. Mr. Jones has filed some documents with the court lately but has not produced anything that would indicate that he will comply with the Local and Federal Rules or the court's orders or that he has any intention of participating in this suit. Further, requiring plaintiff to essentially begin this case anew at this stage in the litigation would be unjust and would encourage disregard for the rules

---

[36] Order to Show Cause, ECF No. 52.

and the court's orders.  For these reasons, the court finds that every factor weighs in favor of recommending default.  The undersigned therefore recommends that default judgment be entered in plaintiff's favor and a hearing be held by the district judge to determine the amount of damages in accordance with Fed. R. Civ. P. 55(b).

A copy of this report and recommendation shall be sent to defendants via regular and certified mail with return receipt requested.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may serve and file specific written objections to the report and recommendation within fourteen days after being served with a copy.  Failure to object to the report and recommendation in a timely fashion waives appellate review of both the factual and legal determinations.[37]

Dated this 24th day of June, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[37] *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199–1200 (10th Cir. 2000).