IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN POWER CHASSIS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY JONES and ) <br> JONES & SONS CHASSIS, INC., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br><br> No. 13-4134-KHV |

**O R D E R**

On June 24, 2015, Magistrate Judge K. Gary Sebelius filed a Report and Recommendation (Doc. #66) regarding plaintiff's Motion for Sanctions Pursuant to FRCP 37 (Doc. #51) filed November 3, 2014.  Judge Sebelius recommended that plaintiff's motion be granted and that default judgment be entered against defendants, with the district court to determine the amount of damages.  On August 5, 2015, Gary Jones, proceeding *pro se*, filed a written objection to that report.[1]  See Doc. #82.   Having reviewed those objections, the Court adopts the report and recommendation in its entirety.

---

[1] On July 10, 2015, Jones filed a Motion for Sanctions (Doc. #70).  On July 31, 2015, he filed a Motion for No-Evidence and Traditional Motion for Summary Judgment (Doc. #78) and a Motion for Hearing (Doc. #79).  In his motion for sanctions, Jones seeks "default judgment" for plaintiff's failure to respond to discovery.  In his motion for summary judgment, Jones seeks summary judgment based primarily on plaintiff's failure to respond to discovery.  In his motion for hearing, Jones seeks a hearing on his motion for summary judgment.

On August 5, 2015, Judge Sebelius granted plaintiff's Motion to Quash Defendant's Discovery Request (Doc. #72).  See Doc. #80.  Judge Sebelius determined that plaintiff need not respond to Jones' discovery requests and determined that Jones' discovery requests probably would not aid Jones in preparing a response to the Report and Recommendation.  Id. at 3-4.

In accord with the reasoning of Judge Sebelius, this Court denies these motions.  The Court is not persuaded that these motions are appropriate, and Judge Sebelius (continued)

I.

In his report and recommendation, Judge Sebelius found that Jones had failed to appear at his court-ordered deposition, respond to written discovery requests and comply with court orders. Doc. #66 at 2-4.  He also found that Jones & Sons Chassis, Inc. had failed to retain counsel and notify the court within five days that the automatic stay in its bankruptcy case had been lifted. Id. at 3-4.  Based upon these findings, Judge Sebelius granted plaintiff's motion for sanctions and recommended default judgment because (1) plaintiff had suffered actual prejudice due to defendants' conduct; (2) defendants had interfered with the judicial process; (3) defendants had intentionally failed to participate in the discovery process; (4) the court had warned defendants that default judgment was a possible sanction; and (5) other sanctions would not deter further discovery violations by defendants or deter such conduct by other parties in this district.  Id. at 7-10.

In response, Jones initially suggests that he is entitled to summary judgment on plaintiff's claims.  He based this argument on plaintiff's failure to respond to requests for admissions.  He argues that plaintiff has no valid claim against him and asks the Court to dismiss all claims with prejudice.  Jones also states that Jones & Sons Chassis, Inc. is without counsel because it cannot afford an attorney.  He notes that he contacted the Kansas Bar Association to obtain counsel but his efforts were unsuccessful.

II.

The Court reviews *de novo* the portions of a magistrate judge's report and recommendation to which a party has specifically objected. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3). The Court must "consider relevant evidence of record and not merely

---

relieved plaintiff of any obligation to respond to Jones' discovery.  Moreover, Jones' motions are procedurally and substantively deficient.  Accordingly, they are denied.

review the magistrate judge's recommendation." Griego v. Padilla (In re Griego), 64 F.3d 580, 584 (10th Cir. 1991).

Rule 37 provides that if a party fails to obey "an order to provide or permit discovery," the court "may issue further just orders," including "rendering a default judgment against the disobedient party." See Fed.R.Civ.P. 37(b)(2)(A)(vi). The imposition of sanctions under this rule falls within district court discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). That discretion is limited in two ways: the sanction must be "just", and it must relate to the particular claim at issue in the discovery order. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982).

Default judgment is a harsh sanction that will be imposed only when the failure to comply with discovery demands is the result of wilfulness, bad faith or some fault of petitioner rather than inability to comply. FDIC v. Daily, 973 F.2d 1525, 1530 (10th Cir. 1992). A "willful failure" is an intentional failure rather than involuntary noncompliance. Id. The Tenth Circuit has upheld defaults where the parties have refused to obey court orders, although not where the default was based on "inadvertence or simple neglect," and it has been reluctant to affirm defaults on the basis of "isolated instances of noncompliance" or where the district court has not explained why "lesser sanctions would be ineffective." See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464–65 (10th Cir. 1988). The relevant factors include the degree of prejudice to the other party, the amount of interference with the judicial process, the culpability of the litigant, whether the litigant was warned of the possible sanction and whether a lesser sanction would be effective. See id. at 1465; LaFleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003) (involving dismissal as discovery sanction).

III.

Jones does not address any of the issues discussed in the Report and Recommendation. He acknowledges that Jones & Sons Chassis, Inc. did not have counsel, and offers an explanation, but provides no suggestion to remedy the problem. He does not dispute the facts which Judge Sebelius found or the legal analysis which Judge Sebelius applied.

The Court has conducted a *de novo* review of Judge Sebelius' well-reasoned report and recommendation and after reviewing the record, adopts it in its entirety. For all of the reasons stated therein, default judgment is an appropriate sanction pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vi).

The Court will determine the amount of damages at a later date. Plaintiff's amended complaint does not seek to recover a sum certain. A court may not enter default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation. Niemi v. Lasshofer, 770 F.3d 1331, 1352 (10th Cir. 2014).

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. #66) filed June 24, 2015 on plaintiff's Motion for Sanctions Pursuant to FRCP 37 (Doc. #51) filed November 3, 2014 be and hereby is adopted in its entirety.

**IT IS FURTHER ORDERED** that the Objections and Response to Report and Recommendation (Doc. #82) which Gary Jones filed August 5, 2015 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Motion for Sanctions (Doc. #70) which Gary Jones filed July 10, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Motion for No-Evidence and Traditional Motion for Summary Judgment (Doc. #78) which Gary Jones filed July 31, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Motion for Hearing (Doc. #79) which Gary Jones filed July 31, 2015 be and is hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that default judgment be and hereby is entered for plaintiff.  At a hearing on January 6, 2016 at 2:00 p.m., the Court will determine the amount of damages.

**IT IS SO ORDERED**.

Dated this 10th day of December, 2015, at Kansas City, Kansas.

                                                 s/ Kathryn H. Vratil
                                                 KATHRYN H. VRATIL
                                                 United States District Judge