# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AMERICAN POWER CHASSIS, INC.,**     ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | CIVIL ACTION |
| v.     ) | |
| ) | No. 13-4134-KHV |
| **GARY JONES and**     ) | |
| **JONES & SONS CHASSIS, INC.,**     ) | |
| ) | |
| **Defendants.**     ) | |
| _____) | |

## MEMORANDUM AND ORDER

American Power Chassis, Inc. brings suit against Gary Jones and Jones & Sons Chassis, Inc. for breach of contract, fraud and negligent misrepresentation. See Amended Complaint (Doc. #7) filed January 8, 2014. This matter comes before the Court on the parties' responses to the Order And Order To Show Cause (Doc. #88) filed December 23, 2015.

## Background Information

On November 19, 2013, plaintiff filed suit. Initially, counsel represented defendants in the case.[1] On February 12, 2014, Magistrate Judge K. Gary Sebelius set a scheduling conference for April 9, 2014. See Initial Order Regarding Planning And Scheduling (Doc. #15).[2] Subsequently, the magistrate judge rescheduled the scheduling conference multiple times.[3] A scheduling

---

[1]     As discussed below, the Court allowed defense counsel to withdraw on August 15, 2014. See Order (Doc. #38).

[2]     The Court also ordered that by March 19, 2014, the parties conduct their planning conference under Rule 26(f), Fed. R. Civ. P., and that by April 2, 2014, the parties submit to chambers their report of the planning conference and copies of initial disclosures under Rule 26(a). See id. at 1-2.

[3]     See Minute Entry (Doc. #21) filed April 11, 2014 (scheduling conference converted to status conference); Notice Of Hearing (Doc. #22) filed April 11, 2014 (setting scheduling
(continued...)

conference has not yet been held in the case.

On April 4, 2014, defendant Jones & Sons Chassis, Inc. moved to stay proceedings because it filed for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq. See Defendant Jones & Sons Chassis, Inc.'s Motion To Stay Proceedings (Doc. #16).

On June 17, 2014, the magistrate judge ordered that the parties commence discovery. See Order Setting Scheduling Conference (Doc. #26). On June 27, 2014, plaintiff served interrogatories and requests for production of documents on Jones.[4] See Notice Of Service Of Discovery Requests To Defendant Gary Jones (Doc. #27). On July 7, 2014, plaintiff filed a notice to take the deposition of defendant Jones on August 8, 2014 at plaintiff's counsel's offices in Topeka, Kansas. See Notice To Take Deposition (Doc. #30). On July 22, 2014 Jones moved to quash the deposition notice and sought a protective order under Rule 26(c), Fed. R. Civ. P. See Defendant Gary Jones' Motion To Quash Plaintiff's Notice To Take Deposition (Doc. #31). Specifically, defendant asserted that it would be a financial burden for him to travel to give a deposition outside his home state of Washington and asked the Court to order that he not be required to do so. See id. at 1-2. On July 28, 2014, the magistrate judge sustained in part defendant's motion to quash the deposition notice. See Written Order Following Oral Order (Doc. #33). Specifically, Judge Sebelius ordered as

---

[3](...continued) conference for May 19, 2014); Minute Entry (Doc. #23) filed May 19, 2014 (scheduling conference converted to status conference); Notice Of Hearing (Doc. #24) filed May 19, 2014 (setting scheduling conference for June 16, 2014); Minute Entry (Doc. #25) filed June 16, 2014 (scheduling conference converted to status conference); Order Setting Scheduling Conference (Doc. #26) filed June 17, 2014 (setting scheduling conference for July 2, 2014; parties free to commence discovery); Minute Entry (Doc. #28) filed July 2, 2014 (scheduling conference converted to status conference).

[4] Pursuant to Rules 33(b)(2) and 34(b)(2), Fed. R. Civ. P, defendant's responses to the interrogatories and requests for production of documents were due on July 27, 2014. The record contains no indication that defendant provided responses or requested additional time to respond.

follows:

> [T]he Court finds that the present situation weighs in favor of conducting Defendant Gary Jones' deposition at his attorneys' office in Kansas City, Missouri, on the date set forth in the deposition notice so long as Plaintiff pays for a round trip economy class airplane ticket for Mr. Jones from an airport located within the state of Washington to Kansas City International Airport and for one night's lodging for Mr. Jones. Should Plaintiff decline to pay for such airfare and lodging for Mr. Jones his deposition shall be taken at such time and place as Plaintiff designates within 100 miles from Mr. Jones' residence located in Yakima, Washington.

Id. at 2-3.

On August 1, 2014, plaintiff filed an amended notice of deposition to take Jones' deposition on August 8, 2014 at his attorneys' offices in Kansas City, Missouri. See Amended Notice To Take Deposition (Doc. #34).

Defendant did not attend his deposition on August 8, 2014. See Exhibit 1 to Plaintiff's Motion For Sanctions Pursuant To FRCP 37 Against Defendants And Memorandum In Support (Doc. #51) filed November 3, 2014. At the deposition, counsel for plaintiff stated on the record as follows:

> This is the case of American Power Chassis versus Gary Jones and his company. We're prepared today to take the deposition of Defendant Gary Jones. His deposition was properly noticed for today, August 8, 2014 at [10:00 a.m.] and he's failed to appear. We, the Plaintiff, offered to pay his airfare and his hotel expense so that he could travel from Yakima, Washington to Kansas City, Missouri for the purpose of giving his deposition here today and he, Gary Jones, has refused to make that trip. . . . Additionally, the Plaintiff served a set of interrogatories and a request for production of documents to the Defendant Gary Jones and his attorneys on June 27, 2014 and the Defendant Gary Jones has not answered those interrogatories nor has he responded to the request for production of documents . . . . Therefore, it's our position that the Defendant Gary Jones is subject to the sanctions of the Court for his failure to allow discovery.

Id. at 3:11-4:13.[5]  Defense counsel stated that he had nothing to add for the record. See id. at 14:14-

---

[5] Plaintiff's counsel appeared at the deposition by telephone.

-3-

17.

On August 11, 2014, defense counsel moved to withdraw.[6]  See Motion To Withdraw (Doc. #37).  Counsel stated that defendants' insurance carrier had retained counsel to provide a defense but that Jones had withdrawn any tender of insurance related to the claims and that as a result, the insurance carrier would no longer pay counsel's fees.  See id. at 1-2.

On August 15, 2014, Judge Sebelius sustained defense counsel's motion to withdraw.  See Order (Doc. #38).  In the order, Judge Sebelius advised Jones & Sons Chassis Inc. that as a corporate entity, it must retain counsel and could not appear pro se in the proceedings.  See id. (Doc. #38) at 2.

Also on August 15, 2014, Judge Sebelius stayed proceedings as to Jones & Sons Chassis, Inc.  See Order (Doc. # 39).  He ordered Jones & Sons Chassis, Inc. to notify the Court within five days if the bankruptcy stay expired or the bankruptcy court modified it.  See id. at 2.  The Court did not stay proceedings as to Jones.  See id.

On August 28, 2014, plaintiff asked the Clerk to enter default against Jones under Rule 55(a), Fed. R. Civ. P., because he had failed to plead or otherwise defend.  See Request For Entry Of Default (Doc. #45).  Specifically, plaintiff asserted that defendant had failed to respond to discovery requests and appear at his deposition.  See Affidavit Of Gary E. Laughlin In Support Of Request For Entry Of Default, Exhibit A to Request For Entry Of Default (Doc. #45).

On September 26, 2014, United States District Judge Richard D. Rogers directed the Clerk to refuse plaintiff's application for entry of default.  See Order (Doc. #50).  Specifically, Judge

---

[6] In conjunction with the motion to withdraw, defense counsel submitted a letter dated August 1, 2014 to James Adams, an attorney in Yakima, Washington, whom counsel asserted is the personal attorney of Gary Jones and Jones & Sons Chassis, Inc.  See Motion To Withdraw (Doc. #37) ¶ 6 and Exhibit B thereto.  In the letter, counsel stated that defendant's discovery responses were due on August 6, 2014 and that the deposition of Jones was scheduled to take place in Topeka, Kansas on August 8, 2014.  See Exhibit B to Motion To Withdraw (Doc. #37).

Rogers found that defendants had answered the complaint and filed other documents in the case and that the failure to respond to discovery or attend a deposition did not constitute failure to defend under Rule 55(a).[7]  See id. at 2.

On November 3, 2014, plaintiff filed a motion for sanctions under Rule 37(d), Fed. R. Civ. P. See Plaintiff's Motion For Sanctions Pursuant to FRPC 37 Against Defendants And Memorandum In Support (Doc. #51).  Specifically, plaintiff asked the Court to enter default judgment against defendants because they had failed to respond to discovery requests and obey court orders.  See id. at 1-4.  Defendants did not respond to the motion.

On March 23, 2015, Judge Sebelius ordered that on or before April 2, 2015, defendants show cause why they did not respond to the motion for sanctions and why the Court should not enter default judgment against them.  See Notice And Order To Show Cause (Doc. #52) at 2.   In the order, the Judge Sebelius warned that if defendants failed "to show cause . . . why they have failed to file [a response to the motion for sanctions] or to make an adequate showing why default judgment should not be entered against them, plaintiff's motion for sanctions will be considered and decided as uncontested, and the magistrate judge will recommend that the district judge enter default judgment in plaintiff's favor."  Id.

On April 1, 2015, defendants filed a motion for extension of time to obtain counsel and respond to the show cause order.  See Defendant's Motion For Continuance Or Postponement And Answer To Notice And Order To Show Cause (Doc. #54).  In the motion, defendants stated as

---

[7]       On August 19 and September 8, 2014, Jones filed documents on behalf of himself and Jones & Sons Chassis, Inc. asking the Court to dismiss the case on grounds that the dispute involves a contract between Kristie Homeir, an individual, and Jones & Sons Chassis, Inc.  See Docs. #41 and #48.  On September 15, 2014, the Court overruled both requests.  See Order (Doc. #49).

follows:

1. It was unexpected that defendant's legal council [sic] filed a motion to withdraw from the case. This action left defendants exposed to legal issues and process and procedures it did not understand or know how to properly respond to.

2. The Defendant's [sic] were unaware that they had to or were required to respond to Plaintiff's motion for sanctions dated November 3, 3014 [sic].

3. In regards to defendant refusing to appear for deposition on August 8, 2014. [sic] Defendant did not appear in person and was represented by Mr. Thomas DeBacco Attorney at Law. Defendant did not want to burden Plaintiff with additional cost of travel expense from Yakima, Washington to Kansas City, Missouri.

4. Defendant believes that this business dispute is between Kristie Homeier an individual representing herself who signed an *estimated* time line and budget agreement with Jones & Sons Chassis Inc. Please see attached exhibit one.

5. Defendants will be REQUESTING FOR PRODUCTION from Plaintiff, American Power Chassis Inc. to produce all contracts, agreements that they claim were entered into or signed by any of the Defendants.

6. It is the sincere desire of the defendant's [sic] not to default in this case and [to] follow all applicable process and procedures of the court. \*\*\*

Id. at 1-2 (emphasis in original).

On April 2, 2015, Judge Sebelius sustained in part defendant's motion and extended to April 30, 2015 the time for defendants to respond to the show cause order. Order (Doc.#55). He also ordered that on or before April 15, 2015, counsel enter an appearance for the corporate defendant. See id. at 1. In addition, Judge Sebelius repeated the warning that if defendants did not respond in full to the order to show cause, he would recommend that default judgment be entered in favor of plaintiff. Id. at 1-2.

On April 15, 2015, defendants filed a motion requesting the Court to appoint counsel to represent them. See Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts

To Obtain Counsel (Doc. #59). The following day, Judge Sebelius overruled the motion to appoint counsel. See Order (Doc. #61). In the order, he repeated the warning that if defendants did not timely and adequately respond to the show cause order, he would recommend default judgment to the district judge. Id. at 4.

On April 30, 2015, Jones filed a response to the show cause order. See Defendant's Answer To Notice And Order To Show Cause (Doc. #64). In the response, he stated as follows:

1. The Defendant was unaware that he was required to respond to Plaintiff's Motion for Sanctions dated November 3, 2014 until defendant received from the court a NOTICE AND ORDER TO SHOW CAUSE dated 3/25/2015. If defendant was made aware that he was required to respond by a certain time frame to the Plaintiff's motion for sanctions he would have done so in a timely manner.

2. On August 8, 2014 both Plaintiff and Defendant's council [sic] appeared by telephone at the deposition of Defendant Gary Jones. Defendant was represented by Mr. Thomas DeBacco Attorney at Law and American Power Chassis Inc was represented by Mr. Gary Laughlin Attorney at Law. Defendant's attorney previously filed a Motion to Quash deposition on behalf of defendant. The record also shows that defendant did indeed appear at deposition by verbal representation by attorney Thomas DeBacco. Defendant did not answer interrogatories or respond to requests for production of documents because it is the position of the Defendant Gary Jones that the contract dispute is between Defendant Jones & Sons Chassis Inc[.] and Kristie Homeier. Please see attached signed agreement, exhibit one.

Id. at 1.

On June 24, 2015, Judge Sebelius recommended that pursuant to Rule 37(d), Fed. R. Civ. P., the Court enter default judgment against Jones and Jones & Sons Chassis, Inc. for failure to respond to discovery requests and failure to comply with court orders. See Report & Recommendation (Doc. #66) filed June 24, 2015. In addition to citing Jones' failure to attend his deposition and respond to discovery requests, Judge Sebelius noted that Jones & Sons Chassis, Inc. had failed to inform the Court that its bankruptcy stay had been lifted. See id. at 7-8.

On August 5, 2015, the case was transferred to the undersigned judge. See Doc. #81.

On December 10, 2015, the Court entered an order which adopted in its entirety the magistrate judge report and recommendation. See Order (Doc. #86).

## Analysis

On December 23, 2015, the Court ordered plaintiff to show good cause in writing why as to claims against Jones, it should not set aside its order adopting the magistrate judge report and recommendation.[8] See Order And Order To Show Cause (Doc. #88) at 3. Specifically, the Court found that it appeared that (1) the Court had not previously warned defendant that default judgment would be a likely sanction for failure to comply with discovery obligations and/or court orders; and (2) plaintiff's motion for sanctions did not include an appropriate certification which described with particularity steps which counsel took to resolve the issues in dispute. Id. at 2 (citing Fed. R. Civ. P. 37(d)(1)(B);[9] D. Kan. Rule 37.2;[10] Plaintiff's Motion For Sanctions Pursuant To

---

[8]   As to claims against Jones & Sons Chassis, Inc., the Court directed the Clerk to enter default because it did not retain counsel by the deadline imposed by Judge Sebelius. See Order And Order To Show Cause (Doc. #88) at 3 (citing Order (Doc. #55) filed April 2, 2015); see also Clerk's Entry Of Default (Doc. #89) filed December 23, 2015.

[9]   With regard to filing a motion for sanctions due to a party's failure to attend his own deposition, serve answers to interrogatories or respond to a request for inspection, Rule 37(d)(1)(B) states as follows:

> A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

Fed. R. Civ. P. 37(d)(1)(B).

[10]   D. Kan. 37.2 states as follows:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning

(continued...)

FRCP 37 Against Defendants And Memorandum In Support (Doc. #51) ¶ 14).

In response to the show cause order, plaintiff states that the magistrate judge thrice warned defendants that default judgment would be a likely sanction for failure to comply with discovery obligations and court orders. See Good Cause Showing In Response To The Order To Show Cause (Doc. #90) filed January 5, 2016 (citing Notice And Order To Show Cause (Doc. #52) filed March 23, 2015; Order (Doc. #55) filed April 2, 2015; and Order filed April 16, 2015).[11] Plaintiff provides no response as to why its motion for sanctions did not include a certification which described with particularity the steps taken by counsel to resolve the issues in dispute.

Judge Sebelius recommended that the Court impose sanctions because Jones did not respond to discovery requests that were due on July 30, 2014 and did not appear for his court-ordered deposition on August 8, 2014. See Report & Recommendation (Doc. #66) at 1-3. At the time of both events, Jones was represented by counsel who withdrew shortly thereafter, i.e. on August 15, 2014. The record contains no information regarding what information, if any, counsel conveyed to defendant regarding the outstanding discovery requests. Moreover, plaintiff points to no efforts on

---

[10](...continued)
the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

D. Kan. Rule 37.2.

[11]     As set forth above, the Court issued these orders after plaintiff had already defaulted on his discovery obligations. In all three orders, the Court warned or repeated the warning that failure to adequately respond to the show cause order of March 23, 2015 could result in the Court entering default judgment against him. After giving the warnings, the Court did not give defendant an opportunity to cure his default.

-9-

its part to obtain the information directly from defendant or to reschedule the deposition after counsel withdrew.[12]

Repeated failures to answer discovery requests, attend a party's deposition or obey court orders justify default judgment as a sanction under Rule 37(b)(2) and (d), Fed. R. Civ. P.[13]  See

---

[12]  The Court notes that plaintiff did not file a motion to compel defendant to respond to discovery requests and/or attend his deposition.

[13]  Rule 37(b)(2)(A) states as follows:

If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Rule 37(d) states, in part, as follows:

**(1) *In General.***
> **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>> (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or
>> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> **(B)** *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(continued...)

Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1159 (10th Cir. 2013).  Default judgment is a harsh sanction which the Court should use only when a party's noncompliance is due to willfulness, bad faith or some fault of defendant rather than inability to comply.  See id.  Before imposing default judgment as a sanction, the Court considers the following factors: (1) the degree of actual prejudice to plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court warned defendant in advance that default judgment would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.  See id. at 1159-60; Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  These factors do not constitute a rigid test; rather, they represent criteria for the Court to consider before imposing default judgment as a sanction.  See Ehrenhaus, 965 F.2d at 921.

Here, the first factor, i.e. the degree of actual prejudice, weighs in favor of imposing sanctions.  Clearly, defendant's failure to respond to discovery requests and failure to appear for his deposition have caused actual prejudice to plaintiff.  Specifically, as a result of defendant's actions, plaintiff has suffered delay in prosecuting its claims and added attorney fees and expenses in attending the deposition (by telephone) and filing the motion for sanctions.

The second factor, i.e. the amount of interference with the judicial process, also weighs in favor of imposing sanctions.  Defendant's actions have caused significant delay to resolution of the

---

[13](...continued)
\* \* \*
> ***(3) Types of Sanctions.*** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d) (emphasis in original).

case and required the Court to expend limited judicial resources to resolve non-merit based issues.

The third factor, i.e. the culpability of the litigant, weighs less in favor of imposing default judgment as a sanction, especially as to defendant's failure to respond to discovery requests. As noted, at the time the responses were due, defendant was represented by counsel. The record contains no information whether counsel informed defendant of his obligation to provide discovery. Also, it appears that after counsel withdrew, plaintiff made no effort to obtain the information directly from defendant. Plaintiff did not file a motion to compel and its motion for sanctions did not include a certification under Rule 37(d)(1)(B) that it had in good faith conferred or attempted to confer with defendant in an effort to obtain the information without court action.

As to defendant's failure to attend his deposition, the Court clearly ordered him to do so, albeit at plaintiff's expense. See Written Order Following Oral Order (Doc. #33). The record is unclear regarding logistics as to how plaintiff was to pay for defendant's travel. Plaintiff asserts that it informed defense counsel that it would pay for defendant's airline ticket and hotel expense to attend the deposition. See Reply To Response Of Gary Jones To Order To Show Cause (Doc. #92) filed February 8, 2015. On the other hand, defendant asserts that plaintiff did not provide him an airline ticket. See Response Of Gary Jones To Order To Show Cause (Doc. #91) filed January 28, 2016 ¶ 7. Plaintiff points to no effort to reschedule the deposition and/or clear up any uncertainties regarding payment of travel expenses. Defendant has given differing and sometimes conflicting excuses as to why he did not respond to discovery requests and/or attend his deposition.[14] The Court

---

[14] In response to the order to show cause issued by Judge Sebelius, defendant stated that he did not respond to written discovery requests because the contract dispute is between Kristie Homeier and Jones & Sons Chassis, Inc. See Defendant's Answer To Notice And Order To Show Cause (Doc. #64).

(continued...)

is troubled by these inconsistencies. On this record, however, the Court is not convinced that defendant is culpable to an extent which warrants default judgment as a sanction at this time.

The fourth factor, i.e. whether the Court warned defendant in advance that default judgment would be a likely sanction for non-compliance, weighs against imposing such a harsh sanction. As discussed, the Court did not previously warn defendant or give him an opportunity to cure the default.

Finally, the fifth factor, i.e. the efficacy of lesser sanctions, weighs against imposing default judgment as a sanction at this time. The Court has not imposed a lesser sanction and does not know if a lesser sanction would be effective. Defendant has made a number of court filings and appears to have an interest in actively litigating the claims on the merits.

On this record, before imposing a sanction of default judgment, the Court will impose a lesser sanction and provide defendant an opportunity to cure his default on the discovery obligations. Specifically, the Court will impose monetary sanctions in the amount of attorney's fees and expenses which plaintiff incurred to attend defendant's deposition on August 8, 2014.[15] The Court directs the magistrate judge to determine the amount of such fees and expenses and to set a deadline by which defendant must pay the funds to plaintiff. If defendant timely pays the funds, the magistrate judge shall set deadlines for defendant to respond to the discovery requests and attend his deposition. The

---

[14](...continued)
Also, in filings before Judge Sebelius, defendant stated that he did not attend the deposition because he appeared through his attorney and did not want to burden plaintiff with the cost of his travel from Washington to Kansas City. See Defendant's Motion For Continuance Or Postponement And Answer To Notice And Order To Show Cause (Doc. #54) ¶ 3.

[15] Ordinarily, the Court would also order defendant to pay plaintiff's costs in filing the motion for sanctions. Here, the Court does not do so because plaintiff did not comply with the requirements of Rule 37(d)(1)(B) and apparently took no steps to resolve the matter without court action.

magistrate judge shall also set forth details as to how plaintiff shall pay defendant's airline and hotel expense. If defendant timely pays the monetary sanctions, responds to the discovery requests and attends his deposition, the magistrate judge shall hold a scheduling conference and set a schedule which allows the parties to proceed with remaining discovery in the case. If defendant fails to timely pay the monetary sanctions, fails to timely respond to the discovery requests or fails to attend his deposition, or if defendant fails to comply with any other court order, the Court may impose further sanctions, up to and including default judgment against defendant on all claims.

**IT IS SO ORDERED**.

Dated this 25th day of May, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
