# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN POWER CHASSIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-4134-KHV |
| ) | |
| GARY JONES and ) | |
| JONES & SONS CHASSIS, INC., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter comes before the court upon the following motions: (1) plaintiff's Motion for Sanctions (ECF No. 116); and (2) defendant Gary Jones' *pro se* Motion to Dismiss for Failure to Dispose (sic) Defendant (ECF No. 117).[1] For the following reasons, the court recommends that plaintiff's motion for sanctions be granted and Mr. Jones' motion to dismiss be denied.

I.

Plaintiff filed this action against defendants on November 19, 2013. On June 27, 2014, plaintiff served its first set of interrogatories and request for production of documents on defendant Gary Jones. Mr. Jones failed to timely respond to plaintiff's discovery requests.

On July 7, 2014, plaintiff filed a notice of its intent to depose Gary Jones on behalf of both defendants. The initial notice required Mr. Jones to be deposed at the office of plaintiff's counsel in Topeka, Kansas, on August 8, 2014. In response, defendants filed a motion to quash the deposition and for a protective order, raising an undue burden argument. Mr. Jones sought exemption from deposition because of the financial strain of traveling from his home state of

---

[1] Judge Kathryn Vratil referred Mr. Jones' motion to dismiss to this court for a Report and Recommendation.

Washington to Topeka, Kansas.  On July 28, 2014, the court conducted a hearing on the motion and entered an order requiring either Mr. Jones' deposition take place in Kansas City at plaintiff's expense or within 100 miles of Mr. Jones' residence in Washington.  Plaintiff filed an amended notice changing the location of the deposition to Kansas City. Defendants' attorney appeared at the deposition via telephone, but Mr. Jones failed to appear despite plaintiff's offer to pay his reasonable costs.  Plaintiff made a record of Mr. Jones' absence and the fact that it had offered to pay his airfare and hotel expenses.  Mr. Jones' attorney offered no explanation for Mr. Jones' absence.

On August 11, 2014, counsel for defendants sought to withdraw.  This motion was granted on August 15, 2015.  At that time, the court also granted Jones & Sons Chassis, Inc.'s motion to stay discovery based on its pending bankruptcy case in the U.S. Bankruptcy Court for the Eastern District of Washington.  The court did not stay proceedings as to Mr. Jones. The court's order also required Jones & Sons Chassis, Inc. to notify the court within five days of any expiration or modification of the bankruptcy stay. The bankruptcy court issued an order dismissing Jones & Sons Chassis, Inc.'s case with an effective date of October 7, 2014.  The corporate defendant failed to notify the court of the dismissal.

On November 3, 2014, plaintiff filed a motion for sanctions pursuant to Fed.R.Civ.P. 37. Neither Mr. Jones nor the corporate defendant, Jones & Sons Chassis, Inc. filed a response. On March 23, 2015, the court issued a show cause order.  The order required each defendant to explain why a response was not filed; why default judgment should not be entered against them; and any response to the order to show cause was to contain a response to the motion for sanctions that defendants wished the court to consider in the event that defendants managed to show good cause for their failure to initially respond. The show cause order also required the

2

corporate defendant to retain counsel as corporate defendants may not appear *pro se* in federal court. The court warned defendants that failure to show cause why default judgment should not be entered would lead to a recommendation of default judgment against them. Defendants' response was due on or before April 2, 2015.

On April 1, 2015, Mr. Jones, appearing *pro se*, filed a motion for extension of time to retain counsel and respond to the court's show cause order. The court granted the motion but warned defendants that the motion was only accepted on behalf of Mr. Jones, and reminded them that if they failed to respond in full to the court's show cause order, the court would recommend default judgment in plaintiff's favor.

On April 15, 2015, Mr. Jones filed a motion to appoint counsel. The court denied the motion because Mr. Jones never filed for leave to proceed *in forma pauperis*, a prerequisite to the court considering the appointment of counsel. On April 30, 2015, Mr. Jones filed a two-paragraph response to the court's order to show cause. Paragraph one appears to be an explanation why Mr. Jones failed to respond to plaintiff's motion for sanctions. Mr. Jones states that he was "unaware that he was required to respond to Plaintiff's Motion for Sanctions" and that if he had been made aware "he would have done so in a timely manner." Paragraph two appears to be his substantive response to the motion for sanctions. Mr. Jones explains that he did not appear at his deposition because his attorney had filed a motion to quash his deposition notice and he was represented "by verbal representation" of his attorney. He added that he did not respond to written discovery in this case because it is his position that "the contract dispute is between Defendant Jones & Sons Chassis, Inc. and Kristie Homeier." Earlier, Mr. Jones stated that he did not appear in person at his deposition as he "did not want to burden Plaintiff with additional cost of travel expense from Yakima, Washington to Kansas City, Missouri."

On June 24, 2015, this court entered a Report and Recommendation that recommended default judgment be entered against defendant Gary Jones for his failure to respond to plaintiff's written discovery requests and his failure to attend his deposition on August 8, 2014. The court further recommended that default judgment be entered against defendant Jones & Sons Chassis, Inc.

On December 10, 2015, Judge Vratil adopted the Report and Recommendation in its entirety. Judge Vratil entered default judgment for plaintiff against both defendants. However, on December 23, 2015, Judge Vratil directed plaintiff to show cause why the court should not set aside the order of December 10th with regard to Mr. Jones. She did direct the clerk to enter default judgment against Jones & Sons Chassis, Inc. for failure to defend. A clerk's entry of default against Jones & Sons Chassis, Inc. was entered on that day.

On May 25, 2016, Judge Vratil determined that default judgment against Mr. Jones should not be imposed for his failure to comply in discovery. Judge Vratil found that a lesser sanction should be imposed. She imposed a monetary sanction in the amount of attorney's fees and expenses for plaintiff's failure to attend his deposition on August 8, 2014. She further indicated if plaintiff pays the necessary funds, then this court should set deadlines to respond to discovery requests and attend his deposition.

On July 5, 2016, this court ultimately determined that Mr. Jones should pay attorney's fees and expenses to plaintiff in the amount of $925.00. In that order, the court stated:

> If Jones timely pays the funds, the court will set deadlines for Jones to respond to the outstanding discovery requests and attend his deposition. The court will also establish the guidelines on how plaintiff shall pay Jones' airline and hotel expenses to attend his deposition. If Jones timely pays the monetary sanctions, responds to the discovery requests and attends his deposition, the court shall hold a scheduling conference and set a schedule which allows the parties to proceed with remaining discovery in the case. If Jones fails to timely pay the monetary sanctions, fails to timely respond to the discovery requests or fails to

attend his deposition, or if Jones fails to comply with any other court order, the court may impose further sanctions, up to and including default judgment against Jones on all claims.

On October 27, 2016, the court, at the request of Mr. Jones, allowed the payments to be made on a monthly basis. In that order, the court directed Mr. Jones "to respond without objection to all paper discovery (i.e., plaintiff's interrogatories and requests for production of documents) that has been submitted to him on or before November 14, 2016." The court further scheduled a telephone conference on November 22, 2016, to arrange Mr. Jones' deposition.

On November 1, 2016, plaintiff served upon Mr. Jones its First Interrogatories and First Request for Production of Documents. This discovery had previously been served upon Mr. Jones on June 27, 2014.

On November 22, 2016, the court conducted the telephone conference with plaintiff's counsel and Mr. Jones. The court scheduled Mr. Jones' deposition for December 6, 2016, in Topeka, Kansas. The court also directed plaintiff's counsel to make all arrangements for Mr. Jones, including flights, rental car, and hotel accommodations.

On November 28, 2016, plaintiff received Mr. Jones' answers and objections to the discovery. Mr. Jones objected to almost every interrogatory and request for production of documents. This led plaintiff to file the instant motion for sanctions. Mr. Jones responded with the instant motion to dismiss.

II.

In its motion, plaintiff renews its request for sanctions pursuant to Fed.R.Civ.P. 37. Plaintiff states that Mr. Jones ignored the court's order to respond to written discovery without objection. Plaintiff also argues that Mr. Jones' objections are not well-founded. Plaintiff indicated that it did not intend to go forward with the scheduled deposition due to Mr. Jones'

failure to respond to the discovery. Plaintiff's counsel stated that he attempted to confer with Mr. Jones about his failure to respond to the written discovery but no response or other excuse was provided by Mr. Jones.

In his motion, Mr. Jones seeks dismissal for plaintiff's failure to depose him as ordered by the court. He suggests that he did respond and answer all of plaintiff's written discovery. He also adds that plaintiff has no valid claims against him and that plaintiff has sustained no damages as a result of any acts and omissions by him.

### III.

As noted previously, the court has been down this path before. The court is once again faced with considering what to do with Mr. Jones and his inability to comply with the court's orders.

Federal Rule of Civil Procedure 37(d) permits the court to issue any sanction listed under 37(b)(2)(A)(i)–(vi), including entry of default judgment.[2] However, default judgment is a harsh sanction, and should only be entered where the record evidences a willful failure to comply with discovery.[3] This requires the offending party to have intentionally failed to comply with the discovery process; involuntary noncompliance is not enough.[4]

Default judgment must also be a just sanction under the circumstances of the case. For this inquiry, the court considers the same factors as those used when dismissal is requested as a sanction.[5] The factors include: the prejudice to the non-offending party; the interference with the judicial process by the offending party; the culpability of the offending party; whether the party has previously been warned or put on notice that default judgment is a likely sanction for

---

[2] Fed. R. Civ. P. 37(d).
[3] *EBI Secs. Corp., v. Net Command Tech, Inc.*, No. 01-1524, 2003 WL 22995502, at *3 (10th Cir. Dec. 22, 2003).
[4] *Id.*
[5] *Id.*

discovery violations; and the efficacy of lesser sanctions.[6]  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction."[7]

In considering these factors, the court must first evaluate the actions of Mr. Jones.  When plaintiff first served written discovery on him in June 2014, Mr. Jones failed to respond.  Subsequently, the court ordered Mr. Jones to respond to the written discovery "without objection" due to his failure to previously respond to it.  The court's order was quite clear on this matter.  Nevertheless, Mr. Jones objected to eight of plaintiff's thirteen interrogatories.  He also objected to nine of plaintiff's ten requests for production of documents.  Each objection contained the following language:

> Defendant Gary Jones pro se objects to this discovery and is unable to answer this question. The defendant believes the information requested is intellectual property that is owned and controlled by the corporate defendant Jones & Sons Chassis Inc. As previously stated by U.S Magistrate Judge K. Gary Sebelius, the court will not accept Gary Jones pro se fillings and or answers made on behalf of or for the corporate defendant. The corporate defendant must be represented by licensed council (sic). The Defendant Gary Jones pro se believes the corporate defendant is without council (sic) or corporate designee.

The Federal Rules of Civil Procedure provide that a party responding to discovery requests shall do so within thirty days after being served with the requests.[8]  If a responding party fails to lodge timely objections to discovery requests, those objections are deemed waived unless the court excuses the failure for good cause.[9]  The showing of "good cause" in this context

---

[6] *Id*. (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[7] *Ehrenhaus*, 965 F.2d at 921 (citing *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

[8] See Fed.R.Civ.P. 33(b)(2) (pertaining to responses and objections to interrogatories); Fed.R.Civ.P. 34(b)(2)(A) (pertaining to responses and objections to requests for production).

[9] See Fed.R.Civ.P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure."); see also *Brackens v. Shield*, No. 06–2405–JWL–DJW, 2007 WL 2122428, at *1 n. 3 (D.Kan. July 20, 2007) ("It is well settled that in the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived.") (citing *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D.Kan.1998)).

typically requires "at least as much as would be required to show excusable neglect."[10] The party failing to assert timely objections must show it could not have reasonably met the deadline to respond despite due diligence.[11] Mistake of counsel, ignorance of the rules, or lack of prejudice to the opposing party generally does not constitute "good cause."[12]

The record demonstrates that Mr. Jones failed to comply with the court's order. Early in the case, Mr. Jones failed to respond to plaintiff's discovery. The court ultimately gave him another opportunity to comply, but determined that his responses to the discovery must be made without objection due to his failure to timely respond in the past. Mr. Jones never raised any objection to the court's requirement that he respond without objection. His prior actions constituted waiver and he has not shown good cause to excuse the waiver. Accordingly, Mr. Jones had an obligation to respond to the written discovery provided by plaintiff without objection and he failed to do so.

In considering the first factor noted previously, i.e., the degree of actual prejudice, the court finds that it weighs in favor of imposing sanctions. There is little question that Mr. Jones' failure to respond to discovery requests and failure to appear for his deposition have caused actual prejudice to the plaintiff. Plaintiff has suffered considerable delay in prosecuting its claims as well as added attorney fees and expenses.

The second factor, i.e., the amount of interference with the judicial process, also weighs in favor of imposing sanctions. Again, Mr. Jones' actions have caused significant delay to the resolution of this case and required the court to expend considerable judicial resources to resolve non-merit based issues.

---

[10] *Starlight*, 181 F.R.D. at 496 (D.Kan.1998) (emphasis in original).
[11] *Id*. at 497; *Farha v. Idbeis*, No. 09–1059–JTM, 2010 WL 3168146, at *5 (D.Kan. Aug.10, 2010).
[12] *Starlight*, 181 F.R.D. at 496–97; Farha, 2010 WL 3168146, at *5.

The third factor, i.e., the culpability of the litigant, also weighs in favor or imposing default judgment. The court has clearly informed Mr. Jones on several occasions of his need to comply with the rules and orders of the court. Mr. Jones has failed to do so.

The fourth factor, i.e., whether the court warned defendant in advance that default judgment would be a likely sanction for non-compliance, weighs in favor of imposing default judgment. In Judge Vratil's order of May 25, 2016, and in the subsequent orders issued by this court, Mr. Jones has been warned that sanctions, up to and including default judgment, may be imposed by the court if he fails to timely respond to discovery requests or fails to comply with any order of the court. Mr. Jones has had adequate warning that default judgment could be imposed for non-compliance.

Finally, the fifth factor, i.e., the efficacy of lesser sanctions, weighs in favor of imposing default judgment. The court has previously imposed monetary sanctions against Mr. Jones for his non-compliance. Despite the court's efforts to provide Mr. Jones with additional opportunities to respond to discovery in this case, he has chosen not to comply with the court's orders. Under these circumstances, the court believes that default judgment is the appropriate sanction.

In light of this determination, the court also recommends that Mr. Jones' motion to dismiss be denied. Mr. Jones sought dismissal based upon plaintiff's failure to conduct his scheduled deposition. As noted previously, plaintiff has properly explained, i.e., Mr. Jones' failure to properly respond to written discovery, why the deposition did not occur. Moreover, contrary to the statements made in his motion, Mr. Jones has not demonstrated that plaintiff has no valid claims against him. In sum, the court recommends that Mr. Jones' motion to dismiss be denied.

The undersigned therefore recommends that default judgment be entered in plaintiff's favor and a hearing be held by the district judge to determine the amount of damages in accordance with Fed. R. Civ. P. 55(b).

A copy of this report and recommendation shall be sent to Mr. Jones via regular and certified mail with return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may serve and file specific written objections to the report and recommendation within fourteen days after being served with a copy. Failure to object to the report and recommendation in a timely fashion waives appellate review of both the factual and legal determinations.[13]

Dated this 26th day of January, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[13] *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199–1200 (10th Cir. 2000).