## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN POWER CHASSIS, INC., )<br>  )<br>    **Plaintiff,** )<br>  )<br>**v.** )<br>  )<br>GARY JONES, et al. )<br>  )<br>    **Defendants.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 13-4134-KHV** |

## MEMORANDUM AND ORDER

American Power Chassis, Inc. ("American Power") brings suit against Gary Jones for breach of contract, fraud and negligent misrepresentation.  See Amended Complaint (Doc. #7) filed January 8, 2014.[1]  This matter is before the Court on Defendant Gary Jones Motion To Dismiss (Doc. #87) filed December 21, 2015, defendant's Second Motion To Dismiss (Doc. #122) filed February 13, 2017 and Plaintiff's Response And Motion To Strike Defendant Gary Jones' Second Motion To Dismiss (Doc. #125) filed February 16, 2017.  For reasons stated below, the Court overrules all three motions.

## Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an

---

[1]      Jones proceeds pro se.  Plaintiff also sued Jones & Sons Chassis, Inc., and the same counsel represented both defendants.  See Entry Of Appearance (Doc. #8) filed February 3, 2014. On August 15, 2014, the Court allowed defense counsel to withdraw from the case.  See Order (Doc. #38).  After counsel withdrew, the Court found that because Jones & Sons Chassis Inc. is a corporate entity, it must retain counsel to represent it.  See Order (Doc. #55) filed April 2, 2015.  It failed to do so and the Court directed the Clerk to enter default judgment against Jones & Sons Chassis, Inc.  See Memorandum And Order (Doc. #88) filed December 23, 2015 at 3.

For background information, see Memorandum And Order (Doc. #93) filed May 25, 2016 at 1-8 and Memorandum And Order (Doc. #128) filed July 11, 2017 at 2-5.

entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id., 556 U.S. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679. The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall, 935 F.3d at 1110.

Plaintiff bears the burden of framing its claims with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged – but has not "shown" – that the pleader is entitled to relief. See id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

## **Factual Allegations**

Plaintiff alleges the following facts.

American Power is a Kansas corporation located in Russell, Kansas.  <u>First Amended Complaint</u> (Doc. #7) filed January 8, 2014, ¶ 1.

Jones is an individual who resides in the State of Washington.  <u>Id.</u> ¶ 2.

Jones & Sons Chassis, Inc. is a Washington corporation.  <u>Id.</u> ¶ 3.

On February 14 and 15, 2012, in his individual capacity and as an authorized agent of Jones & Sons Chassis, Inc., Jones traveled to Russell, Kansas and met with officers, directors and employees of American Power.  <u>Id.</u> ¶ 9.  During the meeting, American Power, Jones and Jones & Sons Chassis, Inc. entered into an agreement which they later reduced to writing in a document entitled "Project Timeline and Budget."  <u>Id.</u> ¶ 10.  Under the agreement, Jones and Jones & Sons Chassis, Inc. agreed that by November 12, 2012, they would design a power chassis with all electrical systems, build a prototype and create all parts and system drawings with respect to the power chassis and electrical systems.  <u>Id.</u> ¶ 12.  The parties agreed to the completion date of November 12, 2012 to insure that the prototype chassis would be ready to show at the Recreational Vehicle Industry Association convention in Louisville, Kentucky. <u>Id.</u> ¶ 13.  Jones and Jones & Sons Chassis, Inc. knew that American Power planned to put the power chassis into production in 2013 and produce 1,000 units in the first year.  <u>Id.</u> ¶ 5.

Based on the parties' agreement, between March 6, 2012 and February 19, 2013, American Power paid $389,133.09 to Jones and Jones & Sons Chassis, Inc.  <u>Id.</u> ¶ 15.

From March 6, 2012 to April 22, 2013, Jones and Jones & Sons Chassis, Inc. repeatedly refused to meet and confer with American Power regarding the status and timeline of the project, causing American Power to miss critical deadlines in its production process.  <u>Id.</u> ¶ 17.

On November 12, 2012, Jones and Jones & Sons Chassis, Inc. were nearly three months behind schedule.  <u>Id.</u> ¶ 14.

On January 15, 2013, Jones and Jones & Sons Chassis, Inc. informed American Power that they would complete the prototype chassis on March 18, 2013. Id. ¶ 28. At the time, Jones and Jones & Sons Chassis, Inc. knew that the information was false and knew that they could not provide the prototype chassis by that date. Id. ¶ 30. Jones and Jones & Sons Chassis, Inc. intentionally misrepresented the information to induce American Power to continue moving forward with production operations and to delay taking action to have a third party complete the project. Id. ¶ 31. American Power reasonably relied on the representation and continued to contract with outside suppliers to produce the power chassis. Id. ¶ 32.

Jones and Jones & Sons Chassis, Inc. breached the parties' agreement by failing to reply to inquiries, deflecting proposed meetings to discuss key production issues, failing to provide information to suppliers, failing to provide critical design information, failing to complete a prototype chassis and failing to communicate in good faith regarding the status of the project. Id. ¶¶ 19-20.

## Analysis

Defendant has filed two motions to dismiss plaintiff's claims. In the first motion, defendant asserts that because plaintiff did not respond to his requests for admissions under Rule 36, Fed. R. C. P., no genuine issue of material fact exists to support plaintiff's claims against him.[2] See Defendant Gary Jones Motion To Dismiss (Doc. #87) at 1-3. In the second motion, defendant

---

[2]     Defendant asserts that on June 24, 2015, he served requests for admission on plaintiff and plaintiff did not respond. See Defendant Gary Jones Motion To Dismiss (Doc. #87) at 1. Based on plaintiff's failure to respond, defendant asserts that the following facts are undisputed: plaintiff has no valid claim against defendant for breach of contract or fraud; plaintiff sustained no damages as a result of any representation, act or omission by defendant; plaintiff no longer wishes to pursue its claims; and plaintiff requests that the Court enter an order dismissing its claims with prejudice. See id. at 2.

asserts that the parties agreed to an estimated timeline and budget, but plaintiff requested that defendant cease further work on the project.  <u>Second Motion To Dismiss</u> (Doc. #122) at 1. Defendant asserts that plaintiff breached the agreement and therefore cannot prove its claims against him.  <u>See</u> <u>id.</u> at 2.

In support of both motions, defendant presents matters outside the pleadings.[3]  In ruling on a motion to dismiss under Rule 12(b)(6), the Court generally may not look beyond the four corners of the complaint.  <u>See</u> <u>Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202</u>, 475 F. Supp.2d 1092, 1097 n.3 (D. Kan. 2007).  When a movant presents matters outside the pleadings, the Court has discretion to convert the motion into one for summary judgment under Rule 56, Fed. R. Civ. P.  <u>See</u> <u>id.</u> (citing <u>LyBrook v. Members of Farmington Mun. Sch. Bd. of Educ.</u>, 232 F.3d 1334, 1341-42 (10th Cir. 2000)); Fed. R. Civ. P. 12(d).  Here, because the parties have not completed discovery and defendant has not set forth pertinent facts in compliance with D. Kan. Rule 56.1, the Court declines to convert the motions to dismiss into motions for summary judgment.  <u>See</u> <u>Rubio</u>, 475 F. Supp.2d at 1097 n.3.  Accordingly, the Court will not consider evidence outside the pleadings.

On this record, defendant has not shown that as a matter of law, the amended complaint fails to allege claims upon which the Court may grant relief.  The Court therefore overrules defendant's motions to dismiss.  In light of this ruling, plaintiff's motion to strike the second motion to dismiss is overruled as moot.

**IT IS THEREFORE ORDERED** that <u>Defendant Gary Jones Motion To Dismiss</u> (Doc. #87)

---

[3]    In support of the first motion, defendant presents a copy of his requests for admissions and a certified mail receipt which defendant contends demonstrates that he served the document on plaintiff's attorneys.  <u>See</u> Exhibits A and B to <u>Defendant Gary Jones Motion To Dismiss</u> (Doc. #87).  In support of the second motion, defendant presents copies of a project timeline and budget and a letter from plaintiff's attorney dated April 23, 2013.  <u>See</u> Exhibits A and B to <u>Second Motion To Dismiss</u> (Doc. #122).

filed December 21, 2015 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Second Motion To Dismiss</u> (Doc. #122)

filed February 13, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Plaintiff's Response And Motion To Strike Defendant</u>

<u>Gary Jones' Second Motion To Dismiss</u> (Doc. #125) filed February 16, 2017 is **OVERRULED as**

**moot**.

Dated this 25th day of July, 2017 at Kansas City, Kansas.

<u>s/  Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge