### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN POWER CHASSIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-4134-KHV |
| ) | |
| GARY JONES and ) | |
| JONES & SONS CHASSIS, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the court upon Plaintiff's Renewed Motion for Sanctions (ECF No. 133). For the following reasons, this motion is denied.

### I.

This case has a tangled past. The court recounts only those facts that are necessary for the resolution of this motion. On July 11, 2017, Judge Vratil adopted in part this court's Report and Recommendation of January 26, 2017. In her order, Judge Vratil directed defendant Gary Jones to respond without objection to plaintiff's interrogatories and requests for production of documents by July 26, 2017. She subsequently extended Mr. Jones' time to respond to discovery to September 25, 2017. On September 22, 2017, plaintiff received Mr. Jones' answers to the discovery. Plaintiff contends that Mr. Jones did not comply with Judge Vratil's order. Plaintiff argues that Mr. Jones' responses were exactly what he had previously provided but without the following phrase that had previously been included in his responses: "Defendant Gary Jones pro se objects to this discovery and is unable to answer this question." Plaintiff's counsel notes that he called Mr. Jones in an attempt to discuss his responses to discovery. He states that Mr. Jones' telephone was not answered and he left a message, which was never returned. Plaintiff's counsel

then directed a "Golden Rule" letter to Mr. Jones, which was received on October 10, 2017. He then notes that he received a letter from Mr. Jones on October 11, 2017, which he believes indicates that Mr. Jones is not agreeable to providing full and complete discovery. He requests that the court impose sanctions, including default judgment, upon Mr. Jones for his failure to comply with the court's orders.

In his response, Mr. Jones states that he did respond to plaintiff's counsel's letter. He notes that he believes that he answered all of the interrogatories and requests for production of documents. He asked plaintiff's counsel in his responsive letter to "indicate what specific interrogatories and what specific production of documents that I objected to." He closed by stating: "Please let me hear from you in writing." In his response to plaintiff's motion, Mr. Jones contends that the court should deny plaintiff's motion until discovery between the parties is concluded.

Plaintiff failed to file a reply to Mr. Jones' response. There is no indication that any additional discussions were had by the parties concerning this discovery.

II.

When a party seeks to compel discovery responses from another party, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1] Moreover, a court in this district

> will not entertain any motion to resolve a discovery dispute...unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification...related to the efforts of the parties to resolve discovery...disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

---

[1] Fed. R. Civ. P. 37(a)(1).

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.[2]

### III.

The court finds that a single letter, sent by counsel for plaintiff, does not constitute a "reasonable effort to confer" under D. Kan. Rule 37.2. Plaintiff's counsel makes no showing that he undertook any additional efforts to resolve the dispute beyond writing the letter. Merely repeating a position and requesting or demanding compliance with a discovery request does not satisfy a party's requirement to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." Accordingly, the court denies the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Sanctions (ECF No. 133) is denied.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[2] D. Kan. R. 37.2.