# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AMERICAN POWER CHASSIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 13-4134-KHV |
| GARY JONES and | ) | |
| JONES & SONS CHASSIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

American Power Chassis, Inc. brings suit against Gary Jones for breach of contract, fraud and negligent misrepresentation. See Amended Complaint (Doc. #7) filed January 8, 2014.[1] This matter is before the Court on Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 And Memorandum In Support (Doc. #140) filed April 3, 2018 and Defendant Gary Jones *Pro Se* Objects [sic] To Report And Recommendation And Memorandum In Support (Doc. #145) filed June 29, 2018. For reasons stated below, the Court sustains plaintiff's motion for sanctions and overrules defendant's objections to the magistrate judge report and recommendation.

---

[1]  Jones proceeds pro se. Plaintiff also sued Jones & Sons Chassis, Inc., and the same counsel represented both defendants. See Entry Of Appearance (Doc. #8) filed February 3, 2014. On August 15, 2014, the Court allowed defense counsel to withdraw. See Order (Doc. #38). After counsel withdrew, the Court found that because Jones & Sons Chassis, Inc. is a corporate entity, it must retain counsel to represent it. See Order (Doc. #55) filed April 2, 2015. It failed to do so and the Court directed the Clerk to enter default judgment against Jones & Sons Chassis, Inc. See Memorandum And Order (Doc. #88) filed December 23, 2015 at 3. On December 23, 2015, the Clerk entered default as to Jones & Sons Chassis, Inc. See Clerk's Entry of Default (Doc. #89).

## Procedural Background[2]

On May 25, 2016, under Rule 37(d), Fed. R. Civ. P., the Court imposed monetary sanctions against defendant for failing to attend his deposition on August 8, 2014.[3]  See Memorandum And Order (Doc. #93) at 13.  The Court ordered that if defendant timely paid the funds, responded to discovery requests and attended his deposition, the magistrate judge should hold a scheduling conference and set a schedule which allowed the parties to proceed with remaining discovery in the case.  See id. at 14.  Plaintiff had asked the Court to enter default judgment as a sanction for defendant's "repeated" failure to respond to written discovery.  Plaintiff's Motion For Sanctions Pursuant To FRCP 37 Against Defendants And Memorandum In Support (Doc. #51) filed November 3, 2014 at 3-5.  The Court found that defendant's lack of culpability weighed against imposing default judgment as a sanction at that time.[4]  See Memorandum And Order (Doc. #93) at 12.

On October 27, 2016, Judge Sebelius ordered defendant to "respond without objection to all paper discovery (i.e. plaintiff's interrogatories and requests for production of documents) that has been submitted to him."  See Order (Doc. #108-1).  Judge Sebelius stated that if defendant "fails to

---

[2]  For additional background information, see Memorandum And Order (Doc. #128) filed July 11, 2017 at 2-5 and Memorandum And Order (Doc. #93) filed May 25, 2016 at 1-8.

[3]  Magistrate Judge K. Gary Sebelius ordered that defendant pay $925.00 to reimburse plaintiff for attorney fees and expenses incurred in attending the deposition on August 8, 2014.  See Order (Doc. #98) filed July 5, 2016.  Judge Sebelius subsequently ordered that defendant could pay the sanctions in six monthly installments.  See Order (Doc. #108-1) filed October 27, 2016. Defendant completed the payment schedule.  See Report And Recommendation (Doc. #143) filed June 14, 2018 at 4.

[4]  The Court noted that when the responses were due, defendant was represented by counsel who later withdrew, and the record did not reflect whether counsel informed defendant of his obligation to provide discovery.  See Memorandum And Order (Doc. #93) at 12.  Moreover, plaintiff had not shown that it had taken adequate steps to obtain the information without court action.  See id.

timely respond to the discovery requests or . . . fails to comply with any other court order, the court may impose further sanctions, up to and including default judgment . . . on all claims." Id.

On December 2, 2016, plaintiff filed a renewed motion seeking default judgment as a sanction for defendant's failure to provide discovery responses. See Renewed Motion For Sanctions (Doc. #116). Plaintiff stated that in violation of the magistrate judge order of October 27, 2016, defendant's responses contained objections, and that said objections were "not well founded and prevent[ed] plaintiff from obtaining pertinent and relevant information and facts." See id. ¶¶ 4-5.

On January 26, 2017, Judge Sebelius recommended that the Court sustain plaintiff's motion. See Report And Recommendation (Doc. #120). Specifically, Judge Sebelius found that despite his order to respond to written discovery requests "without objection," defendant had objected to the vast majority of plaintiff's interrogatories and requests for production of documents. See id. at 7. Judge Sebelius found that relevant factors weighed in favor of entering default judgment against defendant. See id. at 8-9.

On February 13, 2017, defendant filed objections to the magistrate judge recommendation. See Defendant Gary Jones Objections To Report & Recommendations (Doc. #123). Defendant asserted that Judge Sebelius had wrongfully required him to respond "without objection" to the written discovery requests. Id. at 1. The Court found that because defendant did not timely object to the magistrate judge's order of October 27, 2016, he had waived the right to do so.[5] See Memorandum And Order (Doc. #128) filed July 11, 2017 at 8. The Court noted that the written

_____

[5] As noted, on October 27, 2016, Judge Sebelius ordered that on or before November 14, 2016, defendant "respond without objection to all paper discovery (i.e. plaintiff's interrogatories and requests for production of documents) that has been submitted to him." See Order (Doc. #108-1). Pursuant to Rule 72(a), Fed. R. Civ. P., defendant had 14 days, or until November 10, 2016, to file and serve objections to the magistrate judge order. See Fed. R. Civ. P. 72(a).

discovery requests appeared to seek information which was relevant to issues in the case and was not privileged or overly burdensome to produce and concluded that defendant must comply with the magistrate judge's discovery order, "i.e. he must respond to the written discovery requests 'without objection.'" Memorandum And Order (Doc. #128) at 8-9, n.11. The Court ordered that to the extent defendant had knowledge of the matters requested, he must answer each interrogatory "separately and fully in writing under oath." Memorandum And Order (Doc. #128) at 9-10 (quoting Fed. R. Civ. P. 33(b)(3)).

Regarding plaintiff's request for sanctions, the Court found that sanctions were not warranted at that time. Id. at 10. Specifically, the Court considered the following factors: (1) the degree of actual prejudice to plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of defendant; (4) whether the Court had warned defendant in advance that default judgment would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. See id. at 12-15 (citing Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1159-60 (10th Cir. 2013); Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992)). The Court found that the third and fourth factors – i.e. the culpability of defendant and whether the Court had warned that default would be a likely sanction for noncompliance – weighed in favor of default because (1) defendant was culpable in not responding to the discovery requests without objection; and (2) the Court had warned defendant several times that default judgment would be a likely sanction for non-compliance with Court orders. Memorandum And Order (Doc. #128) at 14. Nevertheless, the Court found that the remaining factors – i.e. the degree of actual prejudice to plaintiff, the amount of interference with the judicial process and the efficacy of lesser sanctions – weighed against imposing a sanction. Specifically, the Court found that plaintiff's own actions had negatively contributed to the situation because it had not taken adequate steps to obtain the information without court action, i.e. it did not

-4-

file a motion to compel, did not certify that it had in good faith conferred or attempted to confer with defendant in an effort to obtain the information, and could have attempted to obtain the information at defendant's deposition but chose to cancel it instead. See id. at 12-15.

The Court ordered defendant to "respond without objection to plaintiff's interrogatories and requests for production of documents."[6] Memorandum And Order (Doc. #128) at 15. In addition, the Court notified defendant that "if he fail[ed] without substantial justification to timely respond to the written discovery without objection, or fail[ed] without substantial justification to obey any other court order or deadline, the Court will likely impose sanctions which may include any of the orders described in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) and/or payment of plaintiff's attorney's fees and expenses." Memorandum And Order (Doc. #128) at 15. (citing Fed. R. Civ. P. 37(d)(3)).

On October 16, 2017, plaintiff filed its third motion for sanctions. See Plaintiff's Renewed Motion For Sanctions (Doc. #133) filed October 16, 2017. Plaintiff asserted that in responding to the written discovery requests, defendant removed language stating that he "objected" to the request, but otherwise provided the same answers as before, i.e. defendant failed to provide the information requested.[7] See id. at 2.

On January 19, 2018, Judge Sebelius overruled the motion for sanctions, finding that plaintiff had not sufficiently shown that counsel had made a "reasonable effort to confer" as required under

---

[6]     The Court ordered defendant to provide the responses by July 26, 2017. Memorandum And Order (Doc. #128) at 15. The Court subsequently extended the deadline to September 25, 2017. See Order (Doc. #131) filed August 31, 2017 at 1.

[7]     Regarding attempts to resolve the issue, plaintiff stated that counsel had attempted to reach defendant by telephone and that plaintiff and defendant had exchanged written correspondence regarding the matter. See id. at 2-3.

D. Kan. Rule 37.2.[8]  See Order (Doc. #138) at 3.

On March 14, 2018, Judge Sebelius conducted a telephone status conference "to identify what additional discovery" the parties needed for the case to proceed to a final pretrial conference. Order (Doc. #137) filed February 28, 2018; Minute Entry (Doc. #138) filed March 14, 2018.

The next day, on March 15, 2018, Judge Sebelius entered an order regarding the telephone status conference. See Order (Doc. #139). The order stated that (1) during the conference, plaintiff's counsel informed the Court that defendant had again failed to adequately answer written interrogatories; (2) the Court agreed that defendant's efforts to answer interrogatory numbers 3 to 13 were inadequate; and (3) the Court carefully explained to defendant why his answers were inadequate. Id. at 1. "In an abundance of caution," Judge Sebelius granted defendant additional

---

[8]     Under D. Kan. Rule 37.2, the Court will not entertain any motion to resolve a discovery dispute unless before filing the motion, the attorney for the moving party has conferred or made reasonable effort to confer with opposing counsel concerning the matter in dispute. D. Kan. Rule 37.2.

D. Kan. Rule 37.2 states as follows:

The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

D. Kan. Rule 37.2. Although the language of D. Kan. Rule 37.2 refers to conferring with "opposing counsel," it applies equally in cases involving a pro se party. See Brown v. Brotherton, No. 07-2192-JAR-GLR, 2007 WL 4144958, at *1 (Nov. 20, 2007); Brackens v. Shield, No. 06-2405-JWL-DJW, 2007 WL 1805800, at *1 (D. Kan. June 22, 2007).

time – to April 6, 2018 – to respond to the interrogatories. Id. at 1. Judge Sebelius ordered that

defendant "must do so without objection." Id. Judge Sebelius further ordered that if plaintiff was

not satisfied with defendant's answers, on or before April 20, 2018, plaintiff could file a motion to

compel or a motion for sanctions. Id.

On April 3, 2018, plaintiff filed a renewed motion for sanctions seeking default judgment

against defendant. See Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 And

Memorandum In Support (Doc. #140). Plaintiff asserted that on April 2, 2018, defendant had again

provided inadequate responses to interrogatory numbers 3 to 13. See id. at 2.

On April 24, 2018, defendant responded to the renewed motion for sanctions. See Defendant

Gary Jones *ProSe* [sic] Objects To Renewed Motion For Sanctions And Memorandum In Support

(Doc. #142). Regarding his interrogatory responses, defendant stated as follows:

> Again the Defendant answered all interrogatories truthfully, honestly and completely
> under oath. Furthermore the defendant Gary Jones does not have in his control or
> in his possession any files, lists, or documents that the Plaintiff's attorney is seeking.

Id. at 1-2.[9]

On June 14, 2018, Judge Sebelius recommended that the Court sustain plaintiff's motion for

sanctions. See Report And Recommendation (Doc. #143). Specifically, Judge Sebelius found that

defendant had repeatedly refused to obey Court orders to respond to plaintiff's interrogatories

without objection. See id. at 8. Most recently, during the telephone status conference on March 6,

2018 – after defendant had answered the interrogatories by objecting and stating that he was unable

to answer the questions – the Court "made clear" that defendant needed to provide answers and

---

[9] The remainder of defendant's response appears to argue the merit of plaintiff's claims, i.e. that defendant complied with the estimated time line and budget and plaintiff's counsel ordered him to cease work on the project. See Defendant Gary Jones *ProSe* [sic] Objects To Renewed Motion For Sanctions And Memorandum In Support (Doc. #142) at 2.

"explained that the interrogatories requested information of which Jones was aware and that he had an obligation to provide." Id. at 7. The Court gave defendant one last opportunity to answer the interrogatories completely. Id. Despite the Court's clear instruction, defendant merely removed the "objection" language from his answers but continued to refuse to provide the requested information because he "did not have consent to release the information" or "did not possess or control the information requested."[10] Id. at 7. Judge Sebelius examined the factors relevant to whether default judgment was an appropriate sanction and determined that all factors weighed in favor of default judgment as a sanction against defendant. Id. at 9-11.

### Legal Standards

The Court reviews de novo those portions of a magistrate judge report and recommendation to which a party objects. See 28 U.S.C. § 636(b)(1);[11] Fed. R. Civ. P. 72(b)(3).[12] In conducting a

---

[10]    For instance, interrogatory numbers 3 to 6 asked plaintiff to identify certain individuals who were involved in the project time line and budget that is the subject of this suit, i.e. the lead engineer, senior mechanical systems engineer, senior electrical systems engineer and senior mechanic. See Defendant Gary Jones *ProSe* [sic] Answers To Plaintiffs Interrogatories Without Objections at 1-2, Exhibit 1 to Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 And Memorandum In Support (Doc. #140). Defendant responded to the interrogatories as follows:

Defendant Gary Jones *pro se* believes he does not have the consent of this person to release private personal information and that this personal information is protected under various state and federal laws. In addition, Defendant Gary Jones *pro se* believes he has not been authorized by the corporate defendant Jones & Sons Chassis Inc. to release personal information of this person. Defendant Gary Jones pro se also believes corporate defendant is without legal counsel and without corporate designee and is in default.

Id.

[11]    Section 636(b)(1) states as follows:

Notwithstanding any provision of law to the contrary--

(continued...)

de novo review, the Court must consider relevant evidence of record and not merely review the

magistrate judge recommendation. In re Griego, 64 F.3d 580, 584 (10th Cir. 1991). When ruling

---

[11](...continued)

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636.

[12]     Rule 72(b)(3) states as follows:

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72.

on objections to magistrate judge findings and recommendations, the Court may receive further evidence. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Whether to receive additional evidence is committed to the Court's sound discretion. See Henderson v. Echostar Commc'ns Corp., 172 F. App'x 892, 895 (10th Cir. 2006). In this case, no additional evidence is necessary, and the Court reviews the report and recommendation on the ample record which already exists.

## Analysis

Under Rule 37(d), Fed. R. Civ. P., plaintiff seeks an order entering default judgment as a sanction against defendant. See Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 And Memorandum In Support (Doc. #140) at 3. On June 14, 2018, Judge Sebelius recommended that the Court sustain the motion.[13] See Report And Recommendation (Doc. #143) at 11. Defendant contends that sanctions are not warranted because he (1) has "once again provided answers to plaintiff attorney [sic] without objection;" (2) has "answered all [of] the plaintiff's interrogatories and discovery requests without objection, truthfully, honestly and completely under oath;" (3) "does not have in his custody, control or in his possession any files, lists, or documents that the plaintiff's attorney is seeking;" (4) has "made every effort to respond to plaintiff's discovery and understands his obligation to respond;" and (5) has "willfully complied with rules and orders of the court." Defendant Gary Jones *Pro Se* Objects [sic] To Report And Recommendation And Memorandum In Support (Doc. #145) at 5-6.[14]

---

[13]     Plaintiff's motion also asked the Court to require defendant to pay reasonable attorney's fees and expenses incurred in preparing the motion. See Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 And Memorandum In Support (Doc. #140) at 3. Judge Sebelius did not address that portion of plaintiff's request. Plaintiff has not objected to his failure to do so.

[14]     Defendant objects to the magistrate judge's summary of the allegations in this case. See id. at 1-3. The substance of those allegations, however, are not material to the decision at hand. The remainder of defendant's argument relates to his version of facts regarding the telephone status

(continued...)

Pursuant to Rule 37(b)(2), Fed. R. Civ. P., the Court may issue sanctions, including default judgment, against a party who disobeys a discovery order.[15] See Klein-Becker, 711 F.3d at 1159.

_____

[14](...continued)
conference with Judge Sebelius on March 6, 2018. See id. at 3-5. Defendant asserts that (1) at the time of the conference, he had no idea that his answers were inadequate because plaintiff's attorney had failed to confer with him; (2) defendant contended that he had "answered all interrogatories and discovery in full, completely, accurately and without objection;" (3) defendant informed Judge Sebelius that he was not attempting to withhold information or refuse to respond; (4) defendant had requested plaintiff's counsel to identify what discovery defendant had objected to; (5) plaintiff's counsel had refused to confer and provide any answers to defendant's request; (6) Judge Sebelius said that defendant must answer all interrogatories on behalf of the corporate defendant and himself – which confused defendant because Judge Sebelius had previously said that the Court would not accept answers or filings from defendant on behalf of the corporate defendant, i.e. Jones & Sons Chassis; (7) Judge Sebelius started reading interrogatory numbers three, four and five and asked defendant to answer them on the spot; (8) defendant said that he did not know how to answer them and that he needed time to think before providing an answer; (9) Judge Sebelius became infuriated and "lashed out at the defendant stating he is frustrated with the defendant's answers;" (10) Judge Sebelius asked if the corporate defendant was still operating or if it had been dissolved; (11) defendant said that he did not know and would have to look into the matter; (12) Judge Sebelius became infuriated again and "lashed out" and "told the defendant he was frustrated by the answer;" (13) Judge Sebelius asked defendant if he was the person who signed the contract agreement and defendant responded yes; (14) defendant mentioned that Kristi Homeier signed the agreement on behalf of plaintiff and stated that maybe he should sue her for breach of contract; (15) Judge Sebelius replied that "maybe you should sue her but that's up to you;" (16) Judge Sebelius "totally confused the defendant;" (17) defendant asked him, "am I on trial here or is this a status meeting;" (18) defendant told Judge Sebelius that he would not "be baited or prejudice [sic] with this line of questioning;" (19) after that, Judge Sebelius stated that "he got a little heated" and said that defendant could have additional time to provide answers to interrogatory numbers three through 11. Defendant Gary Jones *Pro Se* Objects [sic] To Report And Recommendation And Memorandum In Support (Doc. #145) at 3-5.

[15]    Rule 37(b)(2)(A) states as follows:

If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;

(continued...)

-11-

In addition, courts have broad inherent power to sanction misconduct and abuse of the judicial process, including the power to enter default judgment. <u>See</u> <u>id.</u> (citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43-45 (1992); <u>Shepherd v. Am. Broadcasting Co.</u>, 62 F.3d 1469, 1475 (D.C. Cir. 1995). Default judgment is a harsh sanction. <u>Klein-Becker</u>, 711 F.3d at 1159. The Court should enter default judgment as a sanction only when a party's noncompliance is due willfulness or bad faith as opposed to inability to comply with a discovery order. <u>Id.</u>

Here, the record clearly demonstrates that defendant has repeatedly and willfully refused to comply with discovery orders. In October of 2016, Judge Sebelius ordered defendant to respond without objection to plaintiff's interrogatories and requests for production of documents. <u>Order</u> (Doc.#108-1) at 2. In the order, Judge Sebelius warned that if defendant failed to comply, the Court could impose sanctions including default judgment on all claims. <u>Id.</u>

Despite these orders and warnings, defendant objected to virtually every discovery request.[16]

_____

[15](...continued)
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

[16]     For example, interrogatory numbers 3, 4, 5 and 6, asked defendant to identify the lead design engineer, senior mechanical systems engineer, senior electrical systems engineer and senior mechanic referenced in the project time line and budget. Defendant responded as follows:

> Defendant Gary Jones *pro se* objects to this discovery and is unable to answer this question. The defendant believes the information requested is intellectual property that is owned and controlled by the corporate defendant Jones & Sons Chassis Inc. As previously stated by U.S. Magistrate Judge K. Gary Sebelius, the court will not accept Gary Jones *pro se* filings or answers made on behalf of or for the corporate defendant. The corporate defendant must be represented by licensed council. The Defendant Gary Jones *pro se* believes the corporate defendant is without council or

(continued...)

See Memorandum And Order (Doc. #128) at 14. In essence, defendant asserted that he could not

provide the requested information because it constituted "intellectual property" which was "owned

and controlled" by the corporate defendant, Jones & Sons Chassis, Inc., which is not represented in

the case.[17] Defendant's Answers To Plaintiff's First Interrogatories (Doc. #116-2) at 2-3, exhibit

2 to Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 Against Defendants And

Memorandum In Support (Doc. #116).

      In July of 2017, the Court ordered that defendant must comply with Judge Sebelius's order,

i.e. he must respond to the written discovery requests without objection.[18] Memorandum And Order

(Doc. #128) at 8-9. Regarding interrogatories, the Court ordered that to the extent defendant had

knowledge of the matters requested, he must answer each interrogatory separately and fully in

writing under oath. Id. at 10. The Court strongly cautioned defendant "that its patience has worn

thin with respect to his apparent disregard of Court orders." Id. The Court again ordered defendant

to respond without objection to the written discovery and warned that the failure to do so would

likely result in sanctions which could include any of the orders described in

---

    [16](...continued)
corporate designee.

Defendant's Answers To Plaintiff's First Interrogatories (Doc. #116-2) at 2-3, exhibit 2 to Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 Against Defendants And Memorandum In Support (Doc. #116).

    [17]     As noted, the Clerk has entered default judgment against Jones & Sons Chassis, Inc. because it is a corporate entity and did not retain counsel to represent it. See Order (Doc. #55); Memorandum And Order (Doc. #88) at 3; Clerks' Entry Of Default (Doc. #89). Regarding the project time line and budget that is the subject of this suit, plaintiff alleges that Gary Jones entered in the agreement in his individual capacity and as an authorized agent of Jones & Sons Chassis, Inc. See First Amended Complaint (Doc. #7) file January 8, 2014 at ¶¶ 8-9.

    [18]     As noted, the Court determined that the written discovery requests appeared to seek information which was relevant to issues in the case and not privileged or overly burdensome to produce. See Memorandum And Order (Doc. #128) at 9 n.11.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) and/or payment of plaintiff's attorney's fees and expenses.[19] Id. at 15.

Despite the Court's clear instruction, defendant again refused to provide the information requested. Instead, he responded to the discovery requests by merely removing the term "objection" and providing virtually the same responses as before. See Defendant's Answers To Plaintiff's First Interrogatories Without Objections (Doc. #133-1) at 2-3, exhibit A to Plaintiff's Renewed Motion For Sanctions (Doc. #133).

In March of 2018, Judge Sebelius conducted a telephone status conference and explained to defendant why his answers to interrogatory numbers 3 to 13 were inadequate. See Order (Doc. #139) at 1. Judge Sebelius allowed defendant until April 6, 2018, to respond without objection to said interrogatories. Id.

Again, despite the Court's order, defendant refused to provide the information requested. For example, regarding interrogatories that asked for the identity of individuals who worked on the project, defendant stated that he did not have the individual's consent to release private information and the corporate defendant had not authorized him to release the information. See Defendant Gary Jones *ProSe* Answers To Plaintiffs [sic] Interrogatories Without Objections (Doc. #140-1) at 1-2, exhibit 1 to Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 And Memorandum In Support (Doc. #140).

Repeated failures to answer discovery requests, attend a party's deposition or obey court orders justify default judgment as a sanction under Rule 37(b)(2) and (d), Fed. R. Civ. P.[20] See

---

[19]     As noted, although plaintiff had requested that the Court enter default as a sanction, the Court declined to impose sanctions at that time.

[20]     Rule 37(d) states, in part, as follows:

(continued...)

-14-

Klein-Becker, 711 F.3d at 1159.  Default judgment is a harsh sanction which the Court should use

only when a party's noncompliance is due to willfulness, bad faith or some fault of the party rather

than inability to comply.  See id.  As noted, before imposing default judgment as a sanction, the

Court considers the following factors: (1) the degree of actual prejudice to plaintiff; (2) the amount

of interference with the judicial process; (3) the culpability of defendant; (4) whether the Court

warned defendant in advance that default judgment would be a likely sanction for non-compliance;

and (5) the efficacy of lesser sanctions.  See id. at 1159-60; Ehrenhaus, 965 F.2d at 920.  These

factors do not constitute a rigid test; rather, they represent criteria for the Court to consider before

imposing default judgment as a sanction.  See Ehrenhaus, 965 F.2d at 921.  Dismissal of an action

with prejudice or its equivalent should be used as "a weapon of last, rather than first, resort."  Id. t

920 (quoting Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)).  Default judgment is

---

[20](...continued)
(1) *In General.*
>    (A) *Motion; Grounds for Sanctions.* The court where the action is pending
>    may, on motion, order sanctions if:
>    >    (i) a party . . . fails, after being served with proper notice, to appear
>    >    for that person's deposition; or
>    >    (ii) a party, after being properly served with interrogatories under
>    >    Rule 33 or a request for inspection under Rule 34, fails to serve its
>    >    answers, objections, or written response.
>    (B) *Certification.* A motion for sanctions for failing to answer or respond
>    must include a certification that the movant has in good faith conferred or
>    attempted to confer with the party failing to act in an effort to obtain the
>    answer or response without court action.
>    * * *
>    *(3) Types of Sanctions.* Sanctions may include any of the orders listed in
>    Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions, the
>    court must require the party failing to act, the attorney advising that party, or
>    both to pay the reasonable expenses, including attorney's fees, caused by the
>    failure, unless the failure was substantially justified or other circumstances
>    make an award of expenses unjust.

Fed. R. Civ. P. 37(d) (emphasis omitted).

-15-

usually appropriate only where a lesser sanction would not serve the interest of justice; it is clearly a severe sanction and it is reserved for extreme circumstances.

Here, the first factor, i.e. the degree of actual prejudice, weighs in favor of default judgment as a sanction against defendant. Defendant's repeated refusal to comply with discovery orders has clearly resulted in prejudice to plaintiff. Plaintiff first served its discovery requests in June of 2014 – more than four years ago. See Memorandum And Order (Doc. #93) filed May 25, 2016 at 2. Defendant has yet to provide adequate answers and responses. Accordingly, plaintiff has been unable to adequately prepare its case for trial. A plaintiff's ability to prepare a meritorious motion for summary judgment, or to adequately prepare for trial, is significantly diminished when it does not receive sufficient responses to its discovery requests. See FDIC v. Renda, 126 F.R.D. 70, 73 (D. Kan. 1989). Such delays cause significant prejudice. See id.

The second factor, i.e. the amount of interference with the judicial process, also warrants default judgment as a sanction. Defendant's actions have caused significant delay in the proceedings and required extraordinary judicial resources. Delay strategies significantly interfere with the judicial process. See Ehrenhaus, 965 F.2d at 921. Defendant's repeated failure to comply with discovery orders has made it impossible for this case to proceed with any degree of regularity or to be resolved in a just, speedy and inexpensive manner.

The third factor, i.e. the culpability of the litigant, also weighs in favor of the sanction of default judgment. Despite the Court's repeated instruction to provide the information requested, defendant continues to manufacture excuses as to why he "believes" that he cannot provide the requested information. At this point, defendant's responses amount to mockery of the judicial process. It is clear that his noncompliance is willful and deliberate, and that he has no intention of complying with court discovery orders.

-16-

As to the fourth factor, the Court has **repeatedly** warned defendant that default judgment will be a likely sanction for non-compliance with its orders to adequately respond to plaintiff's discovery requests. See, e.g., Memorandum And Order (Doc.#93) at 14; Order (Doc.#108-1) at 2; Memorandum And Order (Doc. #128) at 15. This factor weighs in favor of entering default judgment.

The fifth factor, i.e. the efficacy of lesser sanctions, also weighs in favor of imposing default judgment. Lesser sanctions have had limited effect, if any. As noted, the Court has previously imposed monetary sanctions for defendant's failure to appear at his deposition. Nevertheless, defendant continues to repeatedly and flagrantly disregard court orders to provide discovery information. Considering the number of opportunities that the Court has provided defendant to provide the requested information, the Court believes that lesser sanctions would be ineffective.

In these circumstances, the Court concludes that default judgment is a severe but appropriate sanction. Accordingly the Court will enter default judgment on the claims asserted in the Amended Complaint (Doc. #7), i.e. breach of contract (Count I), fraud (Count II) and negligent misrepresentation (Count III). Because default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claims for relief. See Mathiason v. Aquinas Home Health Care, Inc., 187 F. Supp.3d 1269, 1274 (D. Kan. 2016); Olivas v. Brentwood Place Apts., LLC, No. 09-4035-JAR, 2010 WL 2952393, at *4 (D. Kan. July 26, 2010). In other words, defendant is conclusively liable on plaintiff's claims. Except for allegations relating to the amount of damages, the Court accepts as true the well-pleaded allegations of plaintiff's complaint. See Mathiason, 187 F. Supp.3d at 1274; Olivas, 2010 WL 2952393, at *4.

On **September 28, 2018, at 9:30 a.m.**, pursuant to Rule 55(b), Fed. R. Civ. P., the Court will hold an evidentiary hearing to determine the amount of damages which plaintiff has sustained on

-17-

account of the claims alleged in the Amended Complaint (Doc. #7) filed January 8, 2014.  At the hearing, the sole matters for determination shall be (1) whether the unchallenged facts constitute a legitimate basis for the entry of judgment; and (2) whether the amount of damages which plaintiff requests is reasonable under the circumstances.  See Mathiason, 187 F. Supp.3d at 1274; Olivas, 2010 WL 2952393, at *4.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion For Sanctions Pursuant To FRCP 37 And Memorandum In Support (Doc. #140) filed April 3, 2018 is **SUSTAINED**. Pursuant to Rule 37(b)(2)(A)(vi), the Court finds that default judgment is an appropriate sanction for defendant's repeated failure to comply with discovery orders.

**IT IS FURTHER ORDERED** that on **September 28, 2018, at 9:30 a.m.**, the Court will hold an evidentiary hearing to determine the amount of damages which plaintiff has sustained on account of the claims alleged in the Amended Complaint (Doc. #7) filed January 8, 2014.  At the hearing, the sole matters for determination shall be (1) whether the unchallenged facts constitute a legitimate basis for the entry of judgment; and (2) whether the amount of damages which plaintiff requests is reasonable under the circumstances.

**IT IS FURTHER ORDERED** that Defendant Gary Jones *Pro Se* Objects [sic] To Report And Recommendation And Memorandum In Support (Doc. #145) filed June 29, 2018 is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Clerk deliver a copy of this memorandum and order to defendant via Federal Express overnight delivery and regular U.S. mail.

Dated this 17th day of September, 2018 at Kansas City, Kansas.

> s/  Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge