# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN POWER CHASSIS, INC., | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 13-4134-KHV |
| GARY JONES and | ) |
| JONES & SONS CHASSIS, INC., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

American Power Chassis, Inc. brings suit against Gary Jones for breach of contract, fraud and negligent misrepresentation. See Amended Complaint (Doc. #7) filed January 8, 2014. On September 17, 2018, the Court found that defendant's repeated and willful refusal to comply with discovery orders warranted imposing default judgment as a sanction. See Memorandum And Order (Doc. #147) at 12-17. On September 28, 2018 at 9:30 a.m., the Court will hold an evidentiary hearing to determine the amount of damages which plaintiff has sustained on account of plaintiff's claims. See Memorandum And Order (Doc. #147) at 17-18. This matter comes before the Court on Defendant Gary Jones Objections To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #148) filed September 26, 2018.

Defendant seeks summary judgment based on assertions that in discovery, plaintiff failed to respond to requests for admission under Rule 36, Fed. R. Civ. P. See Defendant Gary Jones Objections To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #148) at 1-8. As noted, the Court previously found that defendant's repeated and willful refusal to comply with discovery orders warranted imposing default judgment as a sanction against defendant. See Memorandum And Order (Doc. #147) at 12-17. Because default has been

established, defendant has no further standing to contest the factual allegations of plaintiff's claims for relief. See Mathiason v. Aquinas Home Health Care, Inc., 187 F. Supp.3d 1269, 1274 (D. Kan. 2016); Olivas v. Brentwood Place Apts., LLC, No. 09-4035-JAR, 2010 WL 2952393, at *4 (D. Kan. July 26, 2010). In other words, defendant is conclusively liable on plaintiff's claims. Except for allegations relating to the amount of damages, the Court accepts as true the well-pleaded allegations of plaintiff's complaint. See Mathiason, 187 F. Supp.3d at 1274; Olivas, 2010 WL 2952393, at *4. Accordingly, defendant is not entitled to summary judgment on plaintiff's claims.[1]

**IT IS THEREFORE ORDERED** that Defendant Gary Jones Objections To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #149) filed September 26, 2018 is **OVERRULED**.

Dated this 27th day of September, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] To the extent defendant states that he objects to the Court's Memorandum And Order (Doc. #147), the objection is overruled. Defendant provides no factual grounds or legal argument or authority to support any such objection or motion for relief from judgment or order. The Court will not construct arguments or theories on behalf of defendant. See, e.g., Drake v. City of Ft. Collins, 927 F.2d 1156, 1159 (10th Cir. 1991); Bushnell, Inc. v. Brunton Co., 673 F. Supp.2d 1241, 1258 n.18 (D. Kan. 2009).