# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN POWER CHASSIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-4134-KHV |
| GARY JONES and ) | |
| JONES & SONS CHASSIS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

American Power Chassis, Inc. brings suit against Gary Jones for breach of contract, fraud and negligent misrepresentation. See Amended Complaint (Doc. #7) filed January 8, 2014. On September 17, 2018, the Court found that defendant's repeated and willful refusal to comply with discovery orders warranted the sanction of default judgment. See Memorandum And Order (Doc. #147) at 12-17. On September 28, 2018, the Court held an evidentiary hearing and determined that on account of its claims, plaintiff sustained damages in the amount of $389,133.09. See Journal Entry (Doc. #153). The same day, the Court entered judgment in favor of plaintiff and against defendant in the amount of $389,133.09, with interest thereon at the rate of 2.58% as provided by law, and plaintiff's costs of action. See Judgment In A Civil Case (Doc. #154). This matter comes before the Court on Defendant Gary Jones Objection To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #155) filed October 11, 2018, which the Court construes as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P.

## Legal Standards

Under Rule 59(e), the Court has discretion to alter or amend a judgment if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence

that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is appropriate when the Court has misapprehended a party's position, the facts or the controlling law, or the Court has "mistakenly decided issues outside of those the parties presented for determination." In re Sunflower Racing, Inc., 223 B.R. 222, 223 (D. Kan. 1998) (citing Anderson v. United Auto Workers, 738 F. Supp. 441, 442 (D. Kan. 1990)). Rule 59(e) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); Servants of Paraclete, 204 F.3d at 1012. A party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion for reconsideration is committed to the court's discretion. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).

**Analysis**

Defendant's motion appears to have two components. First, defendant seeks summary judgment for what appear to be the same reasons – verbatim – which he asserted in an earlier motion for summary judgment. Compare Defendant Gary Jones Objection To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #155) at 3-10 with Defendant Gary Jones Objections To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #148) filed September 26, 2018 at 1-8. Second, defendant asserts that the Court's entry of default judgment against him is unjust. Defendant Gary Jones Objection To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #155) at 1-2, 10-11.

**I.      Motion For Summary Judgment**

On September 27, 2018, the Court entered an order which overruled defendant's motion for summary judgment.[1] See Memorandum And Order (Doc. #150). In so ruling, the Court noted that it had previously found that defendant's repeated and willful refusal to comply with discovery orders warranted the sanction of default judgment against defendant. See id. at 1 (citing Memorandum And Order (Doc. #147) at 12-17). Because default had been established, the Court found that defendant lacked standing to contest the factual allegations of plaintiff's claims for relief, i.e. that defendant was conclusively liable on plaintiff's claims. See id. at 2 (citing Mathiason v. Aquinas Home Health Care, Inc., 187 F. Supp.3d 1269, 1274 (D. Kan. 2016) and Olivas v. Brentwood Place Apts., LLC, No. 09-4035-JAR, 2010 WL 2952393, at *4 (D. Kan. July 26, 2010)).

As noted, defendant's current motion contains virtually identical assertions to those made in his previous motion for summary judgment. To the extent defendant merely rehashes the same arguments, the Court rejects them for reasons previously stated. See Memorandum And Order (Doc. #150) at 1-2. To the extent defendant seeks reconsideration of the summary judgment ruling on grounds that the Court erred in entering default judgment, the Court declines to reconsider its ruling for reasons stated below.

**I.      Default Judgment**

As noted, the Court previously found that defendant's repeated and willful refusal to comply with discovery orders warranted the sanction of default judgment. See Memorandum And Order (Doc. #147) at 12-17. Defendant asserts that default judgment and/or sanctions are "not equally just

---

[1] Defendant sought summary judgment based on assertions that in discovery, plaintiff failed to respond to requests for admission under Rule 36, Fed. R. Civ. P. See Defendant Gary Jones Objections To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #148) at 1-8.

under the circumstances of the case" and that "[t]here is no willful prejudice to the non-offending party, no willful culpability of the offending party, no willful interference, and no willful discovery violations." Defendant Gary Jones Objection To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #155) at 10. In addition, defendant makes unsupported, conclusory assertions which are directly contrary to the Court's previous findings.[2] Defendant points to no intervening change in controlling law, availability of new evidence or need to correct clear error or prevent manifest injustice. On this record, the Court declines to reconsider its ruling.

**IT IS THEREFORE ORDERED** that Defendant Gary Jones Objection To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #155) filed October 11, 2018, which the Court construes as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P., is **OVERRULED**.

Dated this 29th day of October, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] For instance, defendant asserts that he "has responded to discovery requests without objection, has not willfully interfered with the judicial process, has timely and willfully complied with rules and orders of the court." Defendant Gary Jones Objection To Memorandum & Order [And] No Evidence And Traditional Motion For Summary Judgment (Doc. #155) at 10. These unsupported assertions are directly contrary to the Court's previous findings. See Memorandum And Order (Doc. #147) at 12-14, 16 (record clearly demonstrates defendant has repeatedly and willfully refused to comply with discovery orders; despite orders and warnings, defendant objected to virtually every discovery request; defendant continues to manufacture reasons why he "believes" he cannot provide requested information).